■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS G. HOYT, Appellant. — Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered February 11, 1982, upon a verdict convicting defendant of the crime of grand larceny in the third degree. On August 12, 1981, defendant entered his sister's apartment and without permission removed from a closet four rifles belonging to his sister's boyfriend. Two days later defendant was arrested when, according to police, he attempted to sell the rifles to another. The arresting officer testified at trial that defendant, after having been advised of his rights, freely admitted stealing the guns and also agreed with a typewritten but unsigned statement setting forth this confession. Defendant maintained he never intended to steal the rifles; that he was only removing them for a short time to deter his sister from committing suicide. His fear of this possibility was allegedly engendered by her recent hospitalization following what he believed to be a suicide attempt and by anxieties expressed to him on the day of the taking by his nephew, the sister's son. Defendant also testified that he refused to sign the statement because it failed to mention that his motive for removing the guns was his belief that his sister would harm herself. The trial court repeatedly struck references to the sister's suicidal behavior and declined to allow defendant's nephew to testify concerning the conversation he had with defendant prior to the taking of the rifles. Since these rulings improperly prevented defendant from presenting his defense that he did not possess the requisite intent to commit larceny, the judgment must be reversed and a new trial ordered. To warrant a larceny conviction, an intent to permanently deprive the guns' owner of his property had to be established; a temporary withholding of the guns, by itself, would not constitute larcenous intent (Penal Law, § 155.05; *People v Guzman,* 68 AD2d 58; *People v Matthews,* 61 AD2d 1017). Defendant's state of mind at the time of the taking was, therefore, a crucial factor for the jury to consider. Testimony concerning the nephew's conversation with defendant about the former's fear that his mother would commit suicide could, if believed by the jury, lend considerable substance to defendant's version of the events and even lead to a finding that no specific intent to permanently deprive the owner of his guns existed. In the face of the officer's testimony allegedly proving this intent, refusal to allow

defense testimony negating it constituted reversible error (see *People v Jackson,* 10 NY2d 510, 513). We find it unnecessary to consider the other objections raised by the defense. Judgment reversed, on the law, and a new trial ordered. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.