(February 25, 1988)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN A. TIRADO, Appellant.—Casey, J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered September 10, 1984, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the second degree.

On his prior appeal to this court (117 AD2d 874), defendant's judgment of conviction was affirmed. The Court of Appeals modified the judgment rendered by this court and ordered the case remitted to County Court for a determination of certain factual findings concerning the handcuffing of defendant (69 NY2d 863). The Court of Appeals stated: "In the event the suppression court finds that defendant was handcuffed before, or at the same time as, he made his initial statement, then in the circumstances presented [defendant's] suppression motion should be granted, defendant's plea va-

cated, and the indictment dismissed. In the event the suppression court finds that defendant made his initial statement before handcuffing, the judgment should be amended to reflect that determination" *(supra,* at 865).

At the remand hearing, the arresting officer could not recall whether the handcuffs were placed on defendant before or after his incriminating statements; defendant did not take the stand to testify in regard thereto. County Court decided that the colloquy between defendant and the police officer, together with the pat down that the police officer conducted, demonstrated beyond a reasonable doubt that the incriminating statements by defendant preceded his handcuffing, so that there was no necessity for the administration of *Miranda* warnings prior to the detective's question that precipitated defendant's incriminating statements. We agree with the determination of County Court and, therefore, pursuant to the Court of Appeals directive, the judgment of conviction must be amended.

Judgment amended to reflect that defendant made his initial statement before being handcuffed, and, as so amended, affirmed. Mahoney, P. J., Casey, Yesawich, Jr., and Harvey, JJ., concur.