(December 15, 1988)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VERON M. ASHLEY, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered March 14, 1986, upon a verdict convicting defendant of the crime of burglary in the third degree.

On November 25, 1985, defendant and her boyfriend smashed and then climbed through a window in the rear door of a gas station located in the City of Elmira, Chemung County. Alerted by a secret alarm, Elmira police arrived shortly after the break-in. Defendant and her boyfriend were found in the gas station and placed under arrest. Defendant was subsequently indicted for the crime of burglary in the third degree. She was ultimately found guilty by a jury of the charged crime and sentenced as a second felony offender to a term of imprisonment of 3½ to 7 years. This appeal followed.

Initially, defendant contends that County Court committed reversible error in its ruling, pursuant to *People v Sandoval* (34 NY2d 371), on the admissibility for purposes of cross-examination of defendant's prior criminal acts. The court ruled that the prosecution could inquire about the acts underlying youthful offender adjudications against defendant in December 1980 and August 1981 involving petit larceny and grand larceny, respectively. The court also ruled that the prosecution could inquire about the existence of an attempted robbery conviction in 1982, but could not inquire about the underlying facts unless defendant denied the existence of the conviction.

A *Sandoval* ruling is addressed to the sound discretion of the trial court and involves a weighing of various factors, including whether the probative worth of the evidence outweighs the risk of unfair prejudice *(supra,* at 374-375). The prior acts which County Court ruled would be admissible were not remote in time and reflected defendant's willingness to deliberately further her self-interest at the expense of society, which the Court of Appeals has stated goes to the heart of honesty and integrity *(supra,* at 377). Certainly a willingness to steal is material proof of lack of credibility *(see, People v Moore,* 82 AD2d 972). Although the robbery crime was somewhat similar to the charged burglary, this fact alone does not

automatically preclude inquiry about the crime *(see, People v Pavao,* 59 NY2d 282, 292). Due to the similarity between the prior attempted robbery conviction and the burglary charge, County Court prudently limited evidence to only the existence of the prior crime itself and not the underlying details *(see, People v Lawson,* 112 AD2d 457, 461, *lv denied* 66 NY2d 764). Further, limiting examination with respect to the youthful offender adjudications to merely the underlying acts was proper *(see, People v Cook,* 37 NY2d 591, 595; *People v Greer,* 49 AD2d 297, *affd* 42 NY2d 170). We find no abuse of discretion meriting reversal in the court's *Sandoval* ruling.

We find meritless defendant's contention that County Court abused its discretion in proceeding to trial without impaneling alternate jurors. CPL 270.30 provides that "[i]mmediately after the last trial juror is sworn, the court may *in its discretion* direct the selection of one or more, but not more than four additional jurors to be known as 'alternate jurors' " (emphasis supplied). Here, once a full panel of 12 jurors had been selected it became apparent that adding alternate jurors might cause considerable delay in the commencement of the trial because of computer failure in the office of the jury commissioner. County Court exercised its discretion in having the matter proceed. Although an infant grandniece of one of the jurors died during the three-day trial, the full panel of 12 jurors nevertheless served throughout the entire trial to verdict and no prejudice resulted to defendant.

Finally, since no reasonable view of the evidence supports a finding that defendant committed the lesser included offense of attempted burglary in the third degree but not the greater crime of burglary in the third degree, it was not error for County Court to refuse to submit the requested lesser included offense to the jury *(see,* CPL 300.50; *People v Glover,* 57 NY2d 61).

Judgment affirmed. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.