■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IAN MURRAY, Appellant.—

Defendant was observed by three undercover transit officers as he and one George Perez removed a gold-colored metal chain from decoy Transit Officer Jeremiah Lyons as Officer Lyons pretended to be asleep on a Lexington Avenue uptown subway. The credited testimony was that both defendant and Perez "fiddled" with the chain and that defendant stated to Perez "it's mine, it's mine," just before Perez unsuccessfully attempted to remove the chain by pulling it over Lyons' head. Thereafter, defendant lifted up Lyons' shirt collar and Perez opened the clasp and removed the chain. Defendant took the chain from Perez and began to walk toward the front of the train car, whereupon, he was arrested by the other undercover officers present.

The credited testimony was amply sufficient to support the jury's conclusion that defendant possessed the requisite intent for the crime of third degree larceny. Intent can be inferred from the defendant's conduct and from the surrounding circumstances (People v Bracey, 41 NY2d 296, 301-302). The trial court's failure to charge the jury on the minimal significance of flight and that prior inconsistent statements were to be used for impeachment purposes only was not erroneous. No

request was made for such instructions and, in any event, they were not required, given the nature of the evidence.

The prosecutor's remarks on summation were a proper response to the comments made by defense counsel during his summation (see, People v Galloway, 54 NY2d 396). Defendant's claim of ineffective assistance of counsel is not supported by the record. Counsel made the correct pretrial motions and vigorously conducted defendant's defense. Moreover, no CPL 440.10 motion was made on this ground. Thus, counsel was not afforded an opportunity to explain his tactical choices which, in any case, do not appear erroneous on the record now before this court (People v Love, 57 NY2d 998, 1000). Concur—Murphy, P. J., Sullivan, Ross, Kassal and Smith, JJ.