■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL A. FOSTER, Appellant.—Mercure, J. Appeal from a judgment of the County Court of Sullivan County (Hanofee, J.), rendered October 1, 1987, upon a verdict convicting defendant of the crimes of murder in the second degree, burglary in the second degree (two counts), petit larceny and criminal possession of stolen property in the fifth degree.

On Christmas Day 1987, the dead body of John Biller was found in a second-floor room of the hotel that he managed. He had been viciously beaten about the head and stabbed repeatedly, and died as a result of multiple and severe head and facial injuries. Biller had been missing since December 23, 1987, when he was instructed to warn defendant to either pay his rent or be evicted. Defendant was questioned by the police and, after initially providing several different versions of the incident, eventually confessed to beating Biller to death with his fists, a kitchen drawer and a chair leg. Following indictment and trial, defendant was convicted of murder in the second degree, two counts of burglary in the second degree, petit larceny and criminal possession of stolen property in the fifth degree, and sentenced to concurrent prison terms aggregating 25 years to life. This appeal followed.

Defendant's first point on appeal is that County Court erred in admitting evidence of defendant's homosexuality. We disagree. Defendant's theory at trial was that he acted under the influence of extreme emotional disturbance, reacting to Biller's threat to evict him from the hotel two days before Christmas. However, several other versions of the incident were placed before the jury, including defendant's written statement that the fight ensued after defendant rebuffed Biller's homosexual advance by indicating that he was not a homosexual. The jury, finding that statement credible, could have determined that defendant was so offended by Biller's advance that he acted under extreme emotional disturbance. Under these circumstances, County Court properly concluded that the probative value of evidence of defendant's prior homosexual affair outweighed whatever prejudice defendant might suffer *(see, People v Powell,* 157 AD2d 524; *People v*

*Ryklin,* 150 AD2d 509, 510-511, *lv denied* 74 NY2d 746; 1 Wharton, Criminal Evidence § 151, at 278 [Torcia 13th ed]; *cf., People v Hudy,* 73 NY2d 40, 54-55; *People v Conyers,* 52 NY2d 454).

Defendant's remaining claim that his sentence was harsh and excessive is similarly without merit. We find no basis to conclude that County Court abused its discretion in imposing the sentence, particularly in view of the violent nature of the crimes committed by defendant *(see, People v Willsey,* 144 AD2d 106, 108, *lv denied* 73 NY2d 985).

Judgment affirmed. Weiss, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.