■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DIONNE D. HENDRICKS, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Broome County (Monserrate, J.), rendered August 14, 1986, upon a verdict convicting defendant of the crimes of attempted robbery in the second degree, assault in the second degree and assault in the third degree.

In the early morning hours of March 15, 1986, defendant attacked a man in the bathroom of a bar in the City of Binghamton, Broome County. Defendant savagely beat the man about the head and face, breaking his nose and the orbit of the man's right eye. Defendant then demanded money. The victim refused and managed to end the attack by pushing defendant through the bathroom door and out into the bar. As a result of this incident, a Grand Jury returned an indictment charging defendant with attempted robbery in the second degree, assault in the second degree and assault in the third degree. Following a jury trial, defendant was convicted of all counts. Defendant was sentenced to concurrent prison terms of 2⅓ to 7 years upon the attempted robbery and assault in the second degree counts and one year on the assault in the third degree count. This appeal followed.

Defendant principally contends on appeal that County Court's *Sandoval* ruling deprived him of the opportunity to testify and of his right to a fair trial. We disagree. The court ruled that the prosecution could inquire only about the acts underlying three youthful offender adjudications against defendant in May, June and September 1983, involving criminal possession of stolen property, unauthorized use of a motor vehicle and burglary, respectively. In addition, the court ruled that the People could ask defendant whether he was convicted of two misdemeanor charges in February 1989 and another misdemeanor charge in January 1986 without going into the underlying facts or the nature of the charges.

It is well settled that the extent to which the prosecution should be allowed to impeach the credibility of a defendant is a matter that is generally left to the sound discretion of the trial court and involves a weighing of various factors, including whether the probative worth of the evidence outweighs the risk of unfair prejudice *(People v Sandoval,* 34 NY2d 371, 375; *see, People v Ashley,* 145 AD2d 782). Here, in precluding the prosecutor from eliciting the underlying facts or charges of the misdemeanor convictions, County Court properly avoided any undue prejudice which could have resulted had the jury been more fully informed as to the nature of defendant's criminal record *(see, People v Ricks,* 135 AD2d 844, 845, *lv denied* 74 NY2d 746; *People v Padilla,* 123 AD2d 364; *People v Benson,* 123 AD2d 470, 471; *People v Ferrara,* 105 AD2d 497). Further, limiting examination with respect to the youthful offender adjudication to merely the underlying acts was within the court's discretion in this instance *(see, People v Ashley, supra,* at 783; *People v Laundry,* 122 AD2d 450, 451-452).

Finally, we have considered defendant's claim that the sentence is harsh and excessive and have found it to be equally unavailing. We find no basis to conclude that County Court abused its broad discretion in imposing sentence, especially in view of the violent nature of the crimes committed by defendant which left his victim in imminent danger of losing his eyesight and his employment *(see, e.g., People v Foster,* 159 AD2d 801).

Judgment affirmed. Weiss, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.