THIRD DEPARTMENT, JULY, 1990

(July 5, 1990)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS S. CHANEY, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered March 23, 1989, upon a verdict convicting defendant

of the crimes of reckless endangerment in the second degree and unauthorized use of a motor vehicle in the third degree.

On the evening of August 18, 1988, James Harris appropriated without permission a 1985 Oldsmobile automobile from the body shop where he worked and asked defendant, his cousin, to drive it. While driving the car, defendant ran a stop sign and failed to pull over when directed to do so by the police. A multivehicle chase ensued which resulted in defendant colliding with one of the police cars. When the police officer exited the vehicle, defendant backed up so quickly that the tires squealed and the police officer had to leap out of the vehicle's path. As a result of these events, defendant was indicted on charges of reckless endangerment in the first degree and the unauthorized use of a motor vehicle in the third degree. Following a jury trial, defendant was convicted of reckless endangerment in the second degree as well as the unauthorized use of a motor vehicle charge. Defendant was sentenced to consecutive definite terms of one year in jail for each offense. This appeal followed.

Defendant principally contends that County Court's *Sandoval* ruling deprived him of the opportunity to testify and of his right to a fair trial. We disagree. It is well settled that the extent to which the People should be allowed to impeach the credibility of a defendant is a matter that is generally left to the sound discretion of the trial court and involves a weighing of various factors, including whether the probative worth of the evidence outweighs any risk of unfair prejudice *(People v Hendricks,* 161 AD2d 895; *see, People v Sandoval,* 34 NY2d 371, 375). Here, County Court ruled that the prosecution could inquire into both the fact of the convictions and underlying acts of defendant's April 1983 conviction as a juvenile offender of robbery in the first degree as well as his October 1986 conviction of two counts of criminal possession of stolen property in the fifth degree. Despite defendant's contentions otherwise, the record fails to disclose that County Court abused its discretion in its ruling. Defendant argues that the robbery conviction was an act of impulsive violence which should be irrelevant for impeachment purposes. The underlying facts leading to that conviction (the armed robbery of a taxi driver) show that the crime involved the sort of calculated and deliberate acts which demonstrate a defendant's willingness to place his or her interests above society's and is thus "relevant to suggest his [or her] readiness to do so again on the witness stand" *(People v Sandoval, supra,* at 377).

Defendant's remaining arguments similarly lack merit. We

reject defendant's claim that the People failed to present a prima facie case particularly with respect to the reckless endangerment count. The eyewitness testimony of the arresting officers was more than sufficient to prove defendant's guilt beyond a reasonable doubt of every element of the charged offenses *(see, e.g., People v De Oliveira,* 116 AD2d 770). As for the sentence imposed upon defendant, we cannot agree that it was either harsh, excessive or an abuse of County Court's discretion *(see, People v McGee,* 161 AD2d 1034).

Judgment affirmed. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ. concur.