■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS J. BAIRD, Appellant.—Mercure, J. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered April 29, 1988, upon a verdict convicting defendant of the crime of murder in the second degree.

In a written confession, defendant stated that John Ludwig made a homosexual advance toward him, as a result of which he "snapped" and repeatedly struck Ludwig over the head with a soda bottle, causing his death. Convicted after trial of murder in the second degree, defendant appeals.

Defendant first asserts that County Court erred in denying the motion to suppress his oral and written statements. We disagree. The record amply supports County Court's determination that the investigating police officers' agreement to assist defendant in obtaining psychiatric help did not render the subsequent confession involuntary. We find no evidence suggesting that defendant was so vulnerable or susceptible to the promise that he would be likely to make a false incriminating statement (CPL 60.45 [2] [b] [i]; *see, People v Taber,* 115

AD2d 126, 127, *lv denied* 67 NY2d 657), particularly in view of the fact that defendant himself sought the assurances at a time when he had already begun to incriminate himself. Here, the police conduct fell far short of "deception * * * so fundamentally unfair as to deny due process" *(People v Tarsia,* 50 NY2d 1, 11; *see, People v Vaughn,* 134 AD2d 789, 790). Equally meritless is the contention that the police continued to question defendant after he expressed a desire to remain silent *(see, Michigan v Mosley,* 423 US 96; *People v Ferro,* 63 NY2d 316, 322, *cert denied* 472 US 1007; *People v Grant,* 45 NY2d 366, 373, 376). The record of the *Huntley* hearing makes it clear that defendant asserted nothing more than a right to avoid certain areas of inquiry, including questions about his car and his parents *(see, Michigan v Mosley, supra,* at 103-104), and freely and voluntarily responded to other inquiries.

We also reject the assertion that County Court erred in denying defendant's motion to prohibit the People from questioning him concerning a prior conviction for attempted murder. The fact that a prior crime is similar to that charged does not of itself preclude its use for impeachment purposes *(see, People v Pavao,* 59 NY2d 282, 292). Here, County Court balanced the necessary competing factors and adopted a reasonable *"Sandoval* compromise" by permitting questioning as to the fact of the prior conviction without inquiry concerning the underlying occurrence *(see, People v Ashley,* 145 AD2d 782; *People v Lawson,* 112 AD2d 457, 461, *lv denied* 66 NY2d 764). Finally, County Court properly excluded photographs of nude men found in Ludwig's apartment, offered as evidence of nothing more than his sexual preference *(see, People v Gagnon,* 150 AD2d 918, 919, *affd* 75 NY2d 736; *People v Martinez,* 144 AD2d 699, 701, *lv denied* 73 NY2d 923).

Judgment affirmed. Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur.