■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY HAYES, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted of assault in the second degree in that "while confined in a correctional facility * * * with intent to cause physical injury to another person, he cause[d] such injury to such person" (Penal Law § 120.05 [7]). There is no merit to defendant's contention that the trial court erred by instructing the jury that, in assessing whether defendant was justified in the use of force, they should determine whether defendant used ordinary physical force or deadly physical force, and that if they found that the force applied constituted deadly physical force, the jury should apply the rules set forth in subdivision (2) of Penal Law § 35.15. A factual issue was presented whether defendant used ordinary or deadly physical force during his altercation with the victim. Although defendant was charged with intentionally causing physical injury, not serious physical injury, the proof raised a factual issue concerning whether defendant utilized deadly force *(cf., People v Macklowe,* 131 AD2d 785, *lv denied* 70 NY2d 705; *People v Davis,* 118 AD2d 206, *lv denied* 68 NY2d 768).

The trial court erred in initially refusing to allow witnesses

to testify regarding the victim's physical stature and observable physical condition (see, Richardson, Evidence § 364 [Prince 10th ed]). Defense counsel succeeded, however, in subsequently eliciting such testimony, and the initial error was harmless. Although the prosecutor improperly vouched for the credibility of a medical witness during summation, that isolated error does not warrant reversal. We have reviewed the remaining issues raised in defendant's main and supplemental *pro se* briefs and find them either to be without merit or unpreserved for our review. (Appeal from Judgment of Orleans County Court, Miles, J.—Assault, 2nd Degree.) Present—Callahan, J. P., Doerr, Boomer, Pine and Balio, JJ.