■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND A. SZCZEPANSKI, Appellant.—Mercure, J. Appeal

from a judgment of the Supreme Court (Monserrate, J.), rendered January 26, 1990 in Broome County, upon a verdict convicting defendant of the crimes of sodomy in the second degree (three counts) and endangering the welfare of a child.

Defendant was indicted for three counts of sodomy in the second degree as a result of separate acts of deviate sexual intercourse with a young boy (1) in September 1988 at the White House Apartments on Airport Road in the Town of Maine, Broome County, (2) in October or November 1988 at the same address, and (3) in January 1989 on Hardy Road in the Town of Maine. The indictment also charged defendant with a single count of endangering the welfare of a child, arising out of the same conduct. Following a jury trial, defendant was convicted of all four counts. He was sentenced to consecutive prison terms of 3½ to 7 years on the sodomy convictions and a concurrent one-year term on the conviction of endangering the welfare of a child. Defendant appeals.

The judgment of conviction should be affirmed. We reject the argument that the verdict was against the weight of the evidence because the testimony of the 12-year-old victim was filled with contradictions and was so unclear that there is a danger that defendant was convicted twice for the same offense. While the victim did have some difficulty with dates and the precise number of acts of deviate sexual intercourse committed by defendant, his testimony clearly established three separate acts: in the woods near the White House Apartments a little before his October 2, 1988 birthday, after his birthday at the same location, and in a barn near the Hardy Road apartment in the first part of January 1989. Any contradictions in the victim's testimony created a credibility issue for the jury's resolution (see, People v Lingenau, 133 AD2d 176, 177, lv denied 70 NY2d 801), particularly in view of the fact that time is not a substantive element of any of the crimes charged (see, People v Duboy, 150 AD2d 882, 884, lv denied 74 NY2d 846; People v Boardman, 150 AD2d 706, 707, lv denied 74 NY2d 805).

We also reject the contention that Supreme Court erred in permitting defendant to be impeached with evidence of a prior conviction of sodomy in the second degree. A sodomy conviction involving a minor is relevant to the issue of veracity (see, People v Bennette, 56 NY2d 142, 148) and Supreme Court adopted a reasonable "Sandoval compromise" by permitting questioning as to the fact of defendant's felony conviction without inquiry concerning the underlying occurrence (see, People v Baird, 167 AD2d 693; People v Ashley, 145 AD2d

782). Finally, in light of defendant's prior criminal record and the gravity of the crimes committed, it cannot be said that the sentence was harsh or excessive *(see, People v Stekeur,* 136 AD2d 865; *People v Watson,* 134 AD2d 729, *lv denied* 70 NY2d 961).

Judgment affirmed. Casey, J. P., Weiss, Mercure, Crew III and Harvey, JJ., concur.