■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES J. ROBERTSON JR., Appellant.—Levine, J. Appeal from a judgment of the County Court of Rensselaer County (Ceresia, J.), rendered June 22, 1990, upon a verdict convicting defendant of the crime of attempted manslaughter in the first degree.

Defendant was arrested as the result of an incident in the Town of Schodack, Rensselaer County, in which he attacked his father with a hunting knife during an argument. Following his arrest, defendant gave a written statement to the police in which he stated, *inter alia,* that he had intended to kill his father. Defendant was subsequently indicted in November 1988 for attempted murder in the second degree. The matter then proceeded to trial where defendant asserted the affirmative defense of extreme emotional disturbance and was ultimately convicted of attempted manslaughter in the first degree. An indeterminate term of imprisonment of 5 to 15 years was imposed. This appeal followed.

Initially, we reject defendant's contention that County Court's *Sandoval* ruling *(see, People v Sandoval,* 34 NY2d 371) did not reflect whether the court had properly balanced the relevant interests in exercising its discretion. In concluding at the end of the hearing that the People would be permitted to cross-examine defendant regarding four misdemeanor convictions without identifying the charges or inquiring as to the underlying circumstances, the court clearly weighed the necessary competing factors and reached a "reasonable *'Sandoval* compromise' " *(People v Szczepanski,* 172 AD2d 884, 885; *see, People v Baird,* 167 AD2d 693, *lv denied* 77 NY2d 903).

Equally unpersuasive is defendant's claim that the verdict with regard to attempt was not supported by the evidence at trial because there were insufficient facts demonstrating that he engaged in conduct which brought the completion of the crime "within dangerous proximity" (citing, *inter alia, People v Warren,* 66 NY2d 831, 832). The trial testimony established that defendant was found by his grandmother and sister on top of the victim holding a knife to his throat and that the victim sustained various stab wounds, including a four-inch arm laceration which severed his tricep muscle. From the

foregoing, the jury could readily conclude that, but for the witnesses' intervention, defendant would have killed the victim *(see, People v Greiner,* 156 AD2d 813, 816, *lv denied* 75 NY2d 919). The fact that the victim's injuries did not come closer to being fatal does not preclude a finding that defendant's conduct amounted to an attempt *(see, People v Mahboubian,* 74 NY2d 174, 190).

We do find merit in defendant's contention that County Court erred in stating at the close of the suppression hearing that "[t]he accused has the burden of proving that the statements should be suppressed" *(see, People v Taber,* 115 AD2d 126, 127, *lv denied* 67 NY2d 657; *People v Tucker,* 101 AD2d 601, 602). Because our review of the hearing transcript reveals issues of credibility bearing on the voluntariness of defendant's statement, we decline to make findings of fact on the issue of voluntariness *(see,* CPL 470.15 [1]) and remit the matter to County Court for findings based upon application of the correct burden of proof.

Defendant's remaining contentions have been examined and found to be either without merit or unpreserved for appellate review *(see,* CPL 470.05 [2]); as to the latter, we decline to exercise our discretion and reverse in the interest of justice *(see,* CPL 470.15 [6] [a]).

Mahoney, P. J., Casey, Weiss and Mercure, JJ., concur. Ordered that the decision is withheld, and matter remitted to the County Court of Rensselaer County for further proceedings not inconsistent with this court's decision.