■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCISCO ROMAN, Appellant

After indicating that he had something confidential to re-

late to the victim, defendant, who was known to the victim, was given entry to her apartment. The victim testified that defendant had a bottle of liquor with him, and "was smelling cocaine." He stated that he expected to be killed that night, and intended to have sexual intercourse with the victim. When defendant walked toward the bathroom, the victim tried to escape through the front door, but was blocked by defendant. During the ensuing struggle, defendant maneuvered the victim into the bedroom, and raped her. He warned her not to tell the police, upon a threat of death. An hour later, the distraught victim told her neighbor, who observed the disarray of the bedroom. On the following day, the victim related the events to her boyfriend, who convinced her to report the incident to the police, and to confront defendant in his own home. The victim testified that defendant asked her forgiveness in the presence of his wife. Medical evidence established the presence of sperm, but since the victim recently had given birth, and had a vaginal infection, evidence of tears or abrasions to the vaginal area could not be discerned.

Viewing the evidence in a light most favorable to the People *(People v Contes,* 60 NY2d 620), and under the standards set forth in *People v Bleakley* (69 NY2d 490, 495) defendant's guilt was proved beyond a reasonable doubt by legally sufficient evidence, and the verdict was not against the weight of the evidence. The People's evidence was not deficient for lack of proof of violence. Forcible compulsion can be established by evidence that the defendant used his superior age, size and strength to prevent the victim from escaping, and to compel her to have sexual intercourse with him *(People v Yeaden,* 156 AD2d 208, *lv denied* 75 NY2d 872). Such testimony of force, accompanied by a threat to kill, and defendant's admission concerning intercourse, established the requisite element of force *(People v Gomez,* 112 AD2d 445, 446, *lv denied* 66 NY2d 919). Arguments raised concerning the alleged inconsistencies in the victim's testimony were matters properly before the jury *(People v Heyward,* 160 AD2d 470; *People v Mosley,* 112 AD2d 812, 814, *affd* 67 NY2d 985) as was the issue of the victim's credibility. Finally, we find no abuse of discretion by the court in the imposition of sentence herein. Concur—Ellerin, J. P., Kupferman, Ross and Smith, JJ.