■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SARAH MARIA NOAH, Appellant.—Judgment, Supreme Court, New York County (Martin H. Rettinger, J.), rendered July 10, 1990, convicting defendant, after jury trial, of criminal sale of a controlled substance in the third degree, and sentencing her, as a predicate felony offender, to a term of imprisonment of 4½ to 9 years, unanimously affirmed.

Evidence at trial was that defendant, who claims to be biologically male and a transvestite, sold three vials of crack cocaine to an undercover police officer in exchange for $15 in prerecorded buy money. The transaction was observed by a member of the undercover officer's backup team.

The undercover officer, unaware that defendant was a transvestite, radioed a description of the drug seller, dubbed "J.D. Yellow Blouse", as a female, 30 to 35 years old, 5 feet, 10 inches to 6 feet tall, with wavy black hair and wearing a yellow blouse and a gray skirt. The observing officer apparently recognized that defendant was a transvestite, and so indicated in his radioed report of the drug transaction. The arresting officer approached defendant based upon the radioed physical description.

In view of the identification issue created by defendant's transvestism, the trial court appropriately exercised its discretion in admitting defendant's arrest photograph, depicting defendant dressed in a yellow blouse, as its probative value far outweighed any prejudice to defendant, who expressed a preference to be referred to as "Miss Noah" at trial (see, People v Logan, 25 NY2d 184, cert denied 396 US 1020).

Defendant failed to enter any objection to the introduction, on the People's rebuttal case, of defendant's inculpatory statement to the arresting officer, or take any exception to the court's jury charge as given, and thus failed to preserve any claim of error for appellate review as a matter of law (CPL 470.05). In any event, defendant's statement was properly admitted to impeach defendant's testimony that the prerecorded buy money recovered from her purse was obtained through an activity unconnected with the sale of drugs (see, People v Harris, 25 NY2d 175, 177, affd 401 US 222). As defendant neither requested a specific limiting charge on inculpatory statements, nor excepted to the trial court's charge or failure to charge, she may not now properly assert reversible error (see, People v Murray, 158 AD2d 400). Concur —Sullivan, J. P., Carro, Kupferman, Kassal and Smith, JJ.