■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD ALLEN, Also Known as JERROLD LUCAS, Appellant. [594 NYS2d 375] —Mahoney, J. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered March 8, 1991, upon a verdict convicting defendant of two counts of the crime of criminal sale of a controlled substance in the third degree.

Defendant's principal contentions upon appeal are that the jury's verdict is against the weight of the evidence and that he was denied effective assistance of counsel. We disagree and accordingly affirm. A review of the record establishes that the primary issue at trial was one of credibility. The prosecution's case consisted essentially of testimony from a confidential

informant who indicated that he purchased cocaine from defendant at a bar in the City of Elmira, Chemung County, on two different occasions in June 1990. Defendant, who testified on his own behalf, presented an alibi defense, namely that he was at his mother's home in Rochester babysitting his nephew at the time of the alleged sales. While attacks on the informant's credibility were mounted by evidence of his admitted use of cocaine, prior criminal history and certain minor inconsistencies between his trial testimony and earlier statements, we cannot say that in crediting the informant's version of events and in rejecting defendant's alibi defense, which defense was seriously undermined by the prosecution on cross-examination and with rebuttal testimony, that the jury failed to give the evidence the weight it should be accorded *(see generally, People v Bleakley,* 69 NY2d 490).

Nor do we believe that defendant was denied effective assistance of counsel. Inasmuch as County Court determined that there was no pretrial identification of defendant by the informant, counsel's failure to request a *Wade* hearing cannot be said to indicate ineffectiveness. Rather, a review of the trial transcript in its entirety reveals that defendant was zealously represented. Counsel subjected the informant to exacting cross-examination highlighting his drug use, prior criminal record and capitalizing upon the minor inconsistencies in his testimony. In addition, counsel cogently elicited alibi evidence from defendant and his mother and even introduced documentary support for the theory.

Finally, based upon defendant's past history of drug-related convictions, it cannot be said that County Court's imposition of consecutive sentences constituted an abuse of discretion or was otherwise improper *(see, People v Okafore,* 72 NY2d 81; *People v Davis,* 147 AD2d 817, *lv denied* 74 NY2d 807).

Weiss, P. J., Levine, Mercure and Harvey, JJ., concur. Ordered that the judgment is affirmed.