■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN TIRADO, Also Known as FLACO, Appellant. [596 NYS2d 183] —Weiss, P. J. Appeals (1) from a judgment of the County Court of Montgomery County (Aison, J.), rendered November 27, 1991, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree, and (2) by permission, from an order of said court, entered March 23, 1992, which denied defendant's motion pursuant to CPL 440.20 to set aside the sentence, without a hearing.

On March 16, 1990, undercover State Police Investigator Samuel Mercado with the assistance of an informant, Eduard Ortez, purchased 1/16 of an ounce of cocaine from defendant, who was working as a barkeeper at the Blaze Inn Bar in the City of Amsterdam, Montgomery County. Defendant was convicted after trial of criminal sale of a controlled substance in the third degree. This appeal ensued.

Defendant argues first that the verdict was against the weight of the evidence. We disagree. The testimony of Mercado and Ortez clearly established the sale whereas the testimony of defendant and a bar patron who was defendant's longtime friend merely raised an issue of credibility for resolution by the jury *(see, People v Bey,* 179 AD2d 905, 906, *lv denied* 79 NY2d 918, 1046; *see also, People v Allen,* 191 AD2d 752). A review of the record satisfies us that the verdict was not against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495).

Defendant next contends error by County Court in its *Sandoval* ruling *(People v Sandoval,* 34 NY2d 371). The court permitted the prosecution to cross-examine defendant about a July 27, 1981 misdemeanor assault in the third degree conviction including the underlying facts, and to inquire whether defendant had been convicted of a class A-II felony without reference, however, to the underlying facts of the crime, but with an observation that such an A-II felony "is one of the

most serious felonies that can be committed". Defendant argues that this ruling had the effect of permitting the prosecution to prejudice him by suggesting that he was of a criminal bent and therefore likely to have committed the instant crime. The argument lacks merit. *Sandoval* determinations require a discretionary balancing of potential prejudice to defendants from the disclosure of prior specific criminal, vicious or immoral acts against impeachment of their credibility by demonstrating that they have placed their personal interests ahead of those of society *(People v Bennette,* 56 NY2d 142, 145). We find that County Court properly weighed the competing factors and reached a reasonable *Sandoval* compromise *(see, People v Robertson,* 175 AD2d 345; *People v Szczepanski,* 172 AD2d 884, 885, *lv denied* 78 NY2d 957).

Defendant has also challenged both the conduct of the prosecutor during summation and the adequacy of the charge by County Court to the jury on the law to be applied. However, by failing to object at trial where any improper conduct or charge issue could be promptly resolved and readily cured, defendant has failed to preserve these issues for appellate review *(see, People v Rivera,* 73 NY2d 941, 942; *People v Longo,* 182 AD2d 1019, 1022, *lv denied* 80 NY2d 906; *see also,* CPL 470.05 [2]). Moreover, the record does not reflect that the prosecutor's conduct was so flagrant as to warrant our intervention in the interest of justice *(see, People v Lewis,* 162 AD2d 760, 764, *lv denied* 76 NY2d 894). We further find that County Court properly charged the jury on the role of the trial court as to matters of law and that, if the jury found that the People had proven each of the elements of the crime beyond a reasonable doubt, defendant "must" be found guilty as charged *(see, People v Goetz,* 73 NY2d 751, *cert denied* 489 US 1053). We reject defendant's argument that a "nullification or mercy-dispensing power" was available to the jury to effectively enable the jury to override or disregard the court's instructions on the law. While that process may occasionally have been improperly exercised as a consequence of the jury system, clearly it is neither legally sanctioned nor encouraged *(see, People v Goetz, supra,* at 752; *People v Mussenden,* 308 NY 558, 562-563; *People v Slater,* 166 AD2d 828, 831, *lv denied* 76 NY2d 1024).

Defendant contends that he was denied effective assistance of counsel but relies principally on what are essentially losing trial tactics. In such circumstance, we view the record in its entirety to determine whether defendant has received meaningful representation *(see, People v Rivera,* 71 NY2d 705, 708;

*People v Baldi*, 54 NY2d 137, 146-147; *People v Mandigo*, 176 AD2d 386). We find no merit to defendant's complaint concerning counsel's failure to review the predicate felony conviction statement with him except during an eight-minute recess. In his CPL 440.20 motion to set aside the sentence defendant contended that his prior conviction was constitutionally invalid. County Court properly rejected this argument, finding that the same contention had already been addressed and rejected on defendant's direct appeal from the prior conviction (*see, People v Tirado*, 117 AD2d 874, *mod* 69 NY2d 863; *People v Tirado*, 137 AD2d 928, *lv denied* 71 NY2d 974).

Finally, defendant assails the sentence as harsh and excessive particularly when assessed against his actual conduct and the range of sentences available for the broad spectrum of conduct which could constitute criminal sale of a controlled substance in the third degree. The record reveals neither extraordinary circumstances nor an abuse of discretion warranting intervention by this Court (*see, People v Downer*, 157 AD2d 913, *lv denied* 76 NY2d 787; *see also, People v Simoens*, 159 AD2d 818, *lv denied* 76 NY2d 743).

Yesawich Jr., Mercure, Mahoney and Casey, JJ., concur. Ordered that the judgment and order are affirmed.