■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES L. TROTTER, Appellant. [603 NYS2d 917] —White, J. Appeal from a judgment of the County Court of Rensselaer County (Dwyer, Jr., J.), rendered September 26, 1990, upon a verdict convicting defendant of the crime of rape in the first degree.

Defendant has advanced a number of reasons for the reversal of his conviction beginning with the claim that the People improperly used a peremptory challenge to exclude a black juror. We find this claim lacks merit because defendant has not met his burden of showing purposeful discrimination by the prosecutor, particularly in light of his counsel's statement that he was satisfied with the prosecutor's explanation for the peremptory challenge (see, People v Childress, 81 NY2d 263; People v Smith, 81 NY2d 875).

Defendant's next claim is that the People failed to establish a prima facie case. The 16-year-old victim testified that she and her girlfriend went to defendant's apartment in the early morning hours of July 5, 1988, and while she was sitting in the living room, defendant grabbed her by the wrists and started to drag her to a bedroom. She further testified that as they passed through the kitchen defendant grabbed three

steak knives, placing one against her throat, and despite her screams and physical resistance, defendant was able to throw her on a bed, forcibly remove her clothes and engage in sexual intercourse. The victim also testified that during the happening, defendant bit her breast and face. Once the incident was over, the victim fled the apartment and went to her mother's home. Her mother called the police who transported the victim to the hospital. The emergency room doctor observed marks and bruises on the victim's breast and shoulder, and also noted tenderness and redness in her vaginal area. The People's expert opined that this condition was the result of trauma associated with resistance. Defendant denied having intercourse with the victim and two witnesses, who were in the apartment when this incident occurred, testified that there was no struggle between the victim and defendant nor did they hear any screams.

In our view this evidence amply supports the conclusion that defendant engaged in sexual intercourse with the victim by forcible compulsion (see, People v Cook, 186 AD2d 879, lv denied 81 NY2d 761). Defendant's proof does not affect our finding as it simply created an issue for the jury to resolve (see, People v Roman, 179 AD2d 352, lv denied 79 NY2d 952).

We have examined defendant's challenges to County Court's evidentiary rulings and find that they lack substance. County Court's Sandoval ruling was proper because it clearly weighed the necessary competing factors and reached a " 'reasonable "Sandoval compromise" ' " (People v Robertson, 175 AD2d 345). The People's expert witness's testimony was properly admitted given that it rested on facts in evidence (see, People v Jones, 73 NY2d 427). Nor did County Court err in allowing the victim to testify in rebuttal because her testimony was used to overcome affirmative facts which defendant had tried to prove, and also to show that one of his witness's testimony was biased (see, People v Alvino, 71 NY2d 233; People v Green, 156 AD2d 465, lv denied 75 NY2d 813). The People's impeachment of its witness was permissible given that her trial testimony directly contradicted her Grand Jury testimony and statements to the police (see, People v Barber, 186 AD2d 483, lv denied 81 NY2d 836). Although County Court did not give the jury any limiting instructions pursuant to CPL 60.35, this issue has not been preserved for review (see, People v Reynoso, 184 AD2d 393, lv denied 80 NY2d 908). Inasmuch as the prosecutor's remark in his summation that "James Trotter stinks" was an isolated comment, a reversal on the ground of

prosecutorial misconduct is not warranted *(see, People v Hayes,* 170 AD2d 953, *lv denied* 78 NY2d 967).

Defendant next argues that he was denied effective assistance of counsel in the conduct of the trial. The record reveals that defense counsel was adequately prepared, made appropriate objections at trial, vigorously cross-examined witnesses, capably presented a defense and delivered a well constructed summation. In these circumstances we cannot say that defendant's right to effective assistance of counsel was denied *(see, People v Hood,* 62 NY2d 863).

Lastly, we find that County Court did not abuse its discretion in sentencing defendant to an indeterminate prison term of 5 to 15 years, particularly considering the nature of the crime *(see, People v Bailey,* 155 AD2d 262, *lv denied* 75 NY2d 810).

Yesawich Jr., J. P., Mercure, Crew III and Casey, JJ. Ordered that the judgment is affirmed.