(March 9, 1995)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KERRY JOHNSON, Appellant. [323 NYS2d 418] —Spain, J. Appeal from a judgment of the County Court of Albany County (Keegan, J.), rendered February 20, 1992, upon a verdict convicting defendant of two counts of the crime of grand larceny in the third degree.

On August 31, 1989, defendant, as president of 342 Management Corporation (hereinafter 342MC), entered into a lease with P & J G Enterprises (hereinafter P&JG), a corporation which, *inter alia,* managed the financial affairs of the Thruway House, a hotel located in the City of Albany (hereinafter the hotel). The lease provided that 342MC would assume management of the hotel on September 1, 1989, in exchange for P&JG receiving a lump-sum payment as well as 20% of the gross revenue from the operation of the hotel. Although the lease specifically provided that P&JG was entitled to payments for services rendered at the hotel prior to September 1, 1989 and that 342MC was entitled only to payments for services provided at the hotel after that date, defendant informed the hotel staff that all payments received by the hotel were to be deposited in 342MC's account; he also fired the hotel bookkeeper who had been authorized to, *inter alia,* allocate payments between P&JG and 342MC.

On or about October 26, 1989, two checks were sent to the hotel as payment for services rendered by the hotel prior to September 1, 1989. Specifically, a check drawn in the amount of $29,843.50 and a check in the amount of $5,494, both issued by the State and made payable to the hotel, were sent as payment for separate conferences held at the hotel in August 1989. These checks were received by the hotel on October 28, 1989 and, pursuant to defendant's instructions, were transported to Jefferson County. Defendant received the checks in Jefferson County on October 30, 1989 and deposited the funds in a bank account held by Structural Development Associates, Inc. (hereinafter SDAI), the parent corporation of 342MC.

When questioned on October 30, 1989 by Jagadish Garg, vice-president of P&JG, defendant denied receipt of the checks. However, upon examining the hotel's ledger in November 1989, Garg discovered that these checks had in fact been received on October 28, 1989. Defendant was subsequently indicted in Albany County on two counts of grand larceny in the third degree. Defendant thereafter moved to dismiss the indictment on the ground that venue was not proper in Albany County. Defendant's motion was denied. Following a jury trial, defendant was convicted on both counts of grand larceny in the third degree and sentenced to two concurrent terms of imprisonment of 2⅓ to 7 years. Defendant appeals.

Defendant contends that the evidence presented at the trial was insufficient to demonstrate that he had the requisite intent to be found guilty of grand larceny in the third degree. He claims that he did not know that the checks in question were payments for business conducted at the hotel prior to September 1, 1989, and therefore that he did not know that they belonged to P&JG.

In order to convict defendant of grand larceny in the third degree, the People must present sufficient evidence to establish that defendant wrongfully deprived an owner of property valued at more than $3,000 with the specific intent to permanently withhold such property (see, Penal Law § 155.05 [1]; § 155.35; People v Hoyt, 92 AD2d 1079). Evidence presented at the trial demonstrated that defendant (1) was aware of the provisions of the August 31, 1989 lease which limited 342MC to payments for services rendered after September 1, 1989, (2) had, on previous occasions, erroneously deposited funds on behalf of 342MC that were the property of P&JG according to the terms of the lease, (3) fired the bookkeeper who was responsible for allocating, pursuant to the lease, funds re-

ceived between 342MC and P&JG, (4) informed hotel employees that all payments to the hotel were the property of 342MC, (5) denied receiving the $29,000 check when questioned as to its whereabouts on the same date he deposited both checks in issue in SDAI's bank account, and (6) instructed a hotel employee to transport the checks in question to Jefferson County where he deposited them. Viewed in the light most favorable to the People, this evidence was sufficient to allow a rational trier of fact *(see, People v Contes,* 60 NY2d 620, 621) to find defendant guilty of both counts of grand larceny in the third degree beyond a reasonable doubt *(see, People v Stumbrice,* 194 AD2d 931, 933-934, *lv denied* 82 NY2d 727; *People v Murray,* 158 AD2d 400).

Defendant's next contention is that County Court committed reversible error by allowing the People to inquire, on cross-examination, as to defendant's prior conviction of falsifying business records. As this prior conviction occurred just three months prior to the trial, it clearly had bearing upon defendant's credibility and his willingness to place his own interests above those of society *(see, People v Arroyo,* 194 AD2d 406, 407, *lv denied* 82 NY2d 751). The fact that defendant's prior conviction may have involved conduct similar to the conduct alleged in the instant action does not automatically bar its use for impeachment purposes *(see, People v Pavao,* 59 NY2d 282, 292; *People v Arroyo, supra).* Additionally, by limiting questioning as to "the fact of the prior conviction without inquiry concerning the underlying occurrence" *(People v Baird,* 167 AD2d 693, 694, *lv denied* 77 NY2d 903), County Court properly allowed the People to cross-examine defendant regarding his prior conviction *(see, People v Ashley,* 145 AD2d 782, 782-783). Moreover, defendant, in failing to object to County Court's ruling at the close of the *Sandoval* hearing and by his failure to object to the People's *Sandoval* inquiry during cross-examination, has failed to properly preserve this issue for appellate review *(see, People v Valenti,* 199 AD2d 617, 618, *lv denied* 83 NY2d 811; *see also,* CPL 470.05 [2]).

Defendant further contends that County Court committed error by denying his request to consolidate the two counts of grand larceny in the third degree and that the People's prosecution of defendant on both of these counts placed him in double jeopardy. A search of relevant case law demonstrates a complete lack of authority to support the proposition that the failure to consolidate two counts of an indictment results in double jeopardy. Moreover, defendant was only prosecuted once. As to the appropriateness of County Court's refusal to

consolidate the two counts of grand larceny in the third degree, there is no statutory provision which addresses the consolidation of counts contained in the same indictment *(see,* CPL 40.40 [1]; 200.20 [1], [2] [a]). In *People v Reingold* (44 AD2d 191), where the trial court denied the defendant's motion to consolidate numerous counts contained in the same indictment, the Court held that in the absence of statutory guidance "it would appear that such a consolidation must be in the interest of justice and must rest in the discretion of the court" *(supra,* at 195). Applying this test, there is no showing that County Court abused its discretion in denying the motion to consolidate. Furthermore, the two counts are distinct in that each of the checks in question were in excess of $3,000 and they represented the satisfaction of two separate debts owed to P&JG for services provided at two separate conferences held by two separate State agencies. Moreover, defendant is unable to show that consolidation would serve the interest of justice since his conviction on both counts resulted in concurrent sentences. Accordingly, County Court did not err in denying defendant's request to consolidate.

Defendant further argues that the indictment must be dismissed because Albany County was not the proper venue for trial. CPL 20.40 states, in pertinent part, as follows: "A person may be convicted in an appropriate criminal court of a particular county, of an offense * * * committed either by his own conduct or by the conduct of another for which he is legally accountable pursuant to section 20.00 of the penal law, when * * * [c]onduct occurred within such county sufficient to establish * * * [a]n element of such offense" (CPL 20.40 [1] [a]). Penal Law § 20.00 provides that "[w]hen one person engages in conduct which constitutes an offense, another person is criminally liable for such conduct when * * * he * * * requests [or] commands * * * such person to engage in such conduct" (Penal Law § 20.00). As the comanager of the hotel testified that, in October 1989, defendant directed him to transport the checks in question from Albany County to Jefferson County, defendant is "criminally liable for such conduct" within the meaning of Penal Law § 20.00. Because the comanager's actions, committed within Albany County, constituted a "tak[ing], obtain[ing] or withhold[ing] [of] such property" (Penal Law § 155.05 [1]) within the scope of Penal Law § 155.35, venue was proper in Albany County *(see,* CPL 20.40 [1] [a]; *Matter of Silvestro v Kavanagh,* 98 AD2d 833, 834, *lv denied* 61 NY2d 603).

Defendant further contends that he was denied effective

assistance of counsel. A careful examination of the record reveals that defendant's counsel offered "meaningful representation" *(People v Baldi,* 54 NY2d 137, 147) in that he engaged in pretrial motion practice, repeatedly objected during the People's examination of various witnesses and aggressively cross-examined the People's witnesses *(see, People v Beaudoin,* 198 AD2d 610, 612, *lv denied* 82 NY2d 922). Furthermore, defendant's assertion that his counsel's failure to object to County Court's instruction regarding defendant's "guilt to a moral certainty" constituted ineffective assistance of counsel is without merit; the propriety of that same instruction was upheld in this Court's decision in *People v Zebrowski* (198 AD2d 716, *lv denied* 83 NY2d 812). Also, there is no merit to defendant's contention that his counsel erroneously failed to object to County Court's instruction to the jury on circumstantial evidence. Defendant's reliance on the ruling in *People v Giamanco* (67 AD2d 1008) is misplaced, as the evidence in that case was "wholly circumstantial", in sharp contrast to the evidence presented to the jury in this case, which was primarily direct evidence of defendant's guilt. Additionally, the denigrating comments in the People's summation, including references to defendant as a "weasel", cannot be deemed sufficiently egregious to deny defendant a fair trial; defense counsel's failure to object to such remarks did not amount to ineffective assistance of counsel *(see, People v Beaudoin, supra,* at 612; *People v Leary,* 145 AD2d 732, 735, *lv denied* 73 NY2d 1017).

Finally, defendant's contention that his sentence was unduly harsh is without merit. County Court did not abuse its discretion in sentencing defendant. In light of the facts in this case, defendant's prior criminal record of misdemeanor larceny convictions and the impact of his criminal acts on his victims, the sentence imposed is fully justified.

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.