■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER J. O'REILLY, Appellant.—Judgment unanimously reversed, on the law, and new trial granted, in accordance with the following memorandum: Defendant appeals from a judgment of conviction of two counts of grand larceny in the third degree (Penal Law § 155.30 [1], [2]) arising out of his removal of certain property from the Lewis County Clerk's office. Defendant claims, and we agree, that the court erred in denying him a competency hearing pursuant to CPL article 730; that there was insufficient evidence to support his conviction under the second count of the indictment; and that the court erred in limiting his examination of a defense witness.

There was insufficient evidence of defendant's intent to steal property consisting of a public record. The property in question, a Surrogate's Court file, was personally returned by defendant prior to his arrest and shortly after the taking. Thus, there was no evidence that defendant intended permanently to withhold or exercise control over the file or to acquire or deprive the owner of its economic benefit (Penal Law § 155.00 [3], [4]; § 155.05 [1]).

The court erred in precluding defendant's examination of his witness. Defendant called a county legislator to testify about a conversation in which defendant had complained about a title searcher's operation of a profit-making business on taxpayers' property, viz., the County Clerk's office. The proffered testimony, excluded by the court as immaterial and irrelevant, bore directly and probatively on the issue of defendant's motive and intent in removing the title searcher's file. To deny defendant's evidence on the crucial issue of his state

of mind was error *(People v Hoyt,* 92 AD2d 1079; *People v Stewart,* 37 AD2d 908, 909) and defendant is entitled to a new trial on that charge.

Finally, it was error for the court to deny defendant a competency hearing and summarily to declare him competent. The psychiatric examination ordered by the court resulted in differing opinions as to his competency. The court was thus bound to conduct a hearing on that issue (CPL 730.30 [4]). Additionally, the court was bound to conduct a hearing at defendant's clear request (CPL 730.30 [2]). "Once the procedure mandated by CPL article 730 had been invoked, the defendant was entitled to a full and impartial determination of his mental capacity" *(People v Armlin,* 37 NY2d 167, 172; *see, People v Wright,* 105 AD2d 1088).

We have reviewed defendant's other contentions and conclude that they are without merit. (Appeal from judgment of Lewis County Court, Cunningham, J.—grand larceny, third degree, two counts.) Present—Dillon, P. J., Callahan, Doerr, Denman and Schnepp, JJ.