■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROME DANTZLER, Appellant. [618 NYS2d 461] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rosenzweig, J.), rendered December 9, 1992, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was charged with two counts of criminal sale of a controlled substance in the third degree based upon sales of heroin to two separate individuals in two separate transactions on March 10, 1992, and of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree for

possession of 14 packets of heroin. Despite the testimony of one of the buyers that the defendant was not the person who sold a packet of heroin to him, the jury convicted the defendant of criminal sale of a controlled substance in the third degree to that buyer, and acquitted the defendant of the other charges.

Contrary to the defendant's contention, this verdict was not inherently inconsistent. A verdict may only be set aside when it is inherently inconsistent when viewed in the light of the elements of each crime as charged to the jury *(see, People v Tucker,* 55 NY2d 1, 4). In such cases, it is necessary to determine whether the defendant's acquittal on one or more counts necessarily negated an essential element of another count of which the defendant was convicted *(see, People v Goodfriend,* 64 NY2d 695).

Here, the possession charges were based upon the evidence of packets of heroin allegedly recovered from the defendant when he was arrested, whereas the sales charges arose from two distinct sales transactions between the defendant and two separate individuals. The defendant's acquittal of the two criminal possession counts and one of the sales counts did not negate any element of the other sales count, since it was based on an entirely separate transaction *(see, People v Stitt,* 201 AD2d 593).

Under the circumstances of this case, the sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80).

We have reviewed the defendant's remaining contentions and find them to be without merit. Lawrence, J. P., O'Brien, Joy and Altman, JJ., concur.