■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICHOLAS J. CAMELO, JR., Appellant. [852 NYS2d 533]—

Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered September 3, 2004. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree, petit larceny, criminal trespass in the second degree (two counts), unlawful imprisonment in the second degree and resisting arrest.

It is hereby ordered that the judgment so appealed from is unanimously modified on the facts by reversing those parts convicting defendant of burglary in the second degree and petit larceny and dismissing counts one and two of the indictment and as modified the judgment is affirmed, and the matter is remitted to Oneida County Court for proceedings pursuant to CPL 470.45.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, one count each of burglary in the second degree (Penal Law § 140.25 [2]) and petit larceny (§ 155.25) and two counts of criminal trespass in the second degree (§ 140.15). The burglary and petit larceny charges stem from defendant's entry into the apartment where defendant had been living with his girlfriend and their two children, and his removal therefrom of his girlfriend's clothing. The criminal trespass charges stem from defendant's entry into that apartment on two other occasions. Defendant failed to preserve for our review his challenge to the legal sufficiency of the evidence with respect to the conviction of petit larceny (*see People v Gray*, 86 NY2d 10, 19 [1995]) and, in any event, we reject his contention that the conviction with respect to all counts is not supported by legally sufficient evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). In addition, we reject defendant's contention that the verdict with respect to the two counts of criminal trespass is against the weight of the evidence (*see generally id.*).

We agree with defendant, however, that the verdict is against the weight of the evidence with respect to the count of petit larceny (*see generally id.*). Although the weight of the evidence establishes that defendant removed some of his girlfriend's belongings from the apartment, it also establishes that he voluntarily returned those belongings to his girlfriend within a short time thereafter. Consequently, the evidence weighs heavily in favor of a finding that defendant did not intend to steal the

property from his girlfriend within the meaning of Penal Law § 155.25, i.e., he did not intend "to withhold [the property] from [her] permanently" (§ 155.00 [3]; *see* § 155.05; *see generally People v O'Reilly*, 125 AD2d 979 [1986]). We find that the jury "failed to give the evidence the weight it should be accorded" on the issue of defendant's intent to commit petit larceny (*Bleakley*, 69 NY2d at 495), and we therefore modify the judgment by reversing that part convicting defendant of petit larceny and dismissing count two of the indictment. In view of our reversal of that part of the judgment convicting defendant of petit larceny as against the weight of the evidence, and because there is no evidence that defendant intended to commit any other crime upon his entry into the apartment (*cf. People v Lewis*, 5 NY3d 546, 551-552 [2005]), we further find that the burglary conviction is against the weight of the evidence (*see generally People v Gaines*, 74 NY2d 358, 362-363 [1989]). We therefore further modify the judgment by reversing that part convicting defendant of burglary in the second degree and dismissing count one of the indictment.

We have considered defendant's remaining contentions, and conclude that they are without merit. We note, however, that the certificate of conviction inaccurately reflects that defendant was convicted of unlawful imprisonment in the second degree under Penal Law § 130.05, and it therefore must be amended to reflect that he was convicted under Penal Law § 135.05 (*see People v Martinez*, 37 AD3d 1099, 1100 [2007], *lv denied* 8 NY3d 947 [2007]). Present—Gorski, J.P., Martoche, Smith, Centra and Green, JJ.