■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KAREEM GREEN, Also Known as KAREEM OUSMANE, Appellant. [863 NYS2d 437]—

Judgment, Supreme Court, New York County (Renee A. White, J.), rendered May 29, 2007, convicting defendant, after a jury trial, of tampering with physical evidence and sale of an imitation controlled substance, and sentencing him, as a second felony offender, to concurrent terms of 2 to 4 years, unanimously affirmed.

Defendant's legal sufficiency argument concerning his tampering with physical evidence conviction is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we also find that the verdict was based on legally sufficient evidence. Furthermore, the verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). Defendant's course of conduct supports the inference that when he put an unknown object into his mouth, he was aware that he was about to be arrested, and supports the additional inference that the object was contraband or evi-

dence that defendant intended to prevent the police from discovering.

Defendant's statutory right to be present at material stages of the trial was not violated by his absence from sidebar conferences at which counsel exercised challenges to potential jurors, inasmuch as the questioning of prospective jurors was conducted in defendant's presence in open court and he was afforded an opportunity to consult with counsel prior to counsel's exercise of those challenges (*see People v Mieles*, 254 AD2d 436 [1998], *lv denied* 92 NY2d 1051 [1999]; *People v Smith*, 205 AD2d 458 [1994], *lv denied* 84 NY2d 872 [1994]). Defendant's absence from such sidebars had no effect on his opportunity to defend in light of the fact that his attorney was only performing the ministerial task of exercising the challenges to which defendant had agreed. Since only legal and administrative matters were discussed at the sidebars at issue, defendant's presence was not required (*see People v Velasco*, 77 NY2d 469, 473 [1991]; *People v Haywood*, 280 AD2d 282, 282-283 [2001]). Concur—Mazzarelli, J.P., Andrias, Saxe, Friedman and Acosta, JJ.