■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR QUINTANA, Appellant. [914 NYS2d 630]—

Judgment, Supreme Court, New York County (Renee A. White, J.), rendered March 19, 2007, convicting defendant, after a jury trial, of robbery in the first and second degrees and criminal impersonation in the first degree, and sentencing him, as a second felony offender, to an aggregate term of 12 years, unanimously affirmed.

The court did not deprive defendant of his right to be present at all material stages of his trial (*see People v Antommarchi*, 80 NY2d 247, 250 [1992]) when it excluded him from sidebar conferences at which counsel exercised peremptory challenges (*see e.g. People v Green*, 54 AD3d 603 [2008], *lv denied* 11 NY3d 899 [2008]). All questioning of prospective jurors took place in open court, and there is nothing in the record to suggest that defendant lacked suitable opportunities to consult with his attorney about the panelists before each of these sidebars. On the contrary, in addressing defense counsel before each of these sidebars, the court indicated that it would wait until counsel was ready. The better practice, however, would be to permit a defendant to be present at such sidebar conferences at his or her request.

Defendant asserts that his conviction of robbery in the first degree was against the weight of the evidence. However, we reject that claim (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The victim's testimony established that defendant displayed what appeared to be a firearm, as required under Penal Law § 160.15 (4).

The court's *Sandoval* ruling does not warrant reversal.

We perceive no basis for reducing the sentence. Concur—Sweeny, J.P., Catterson, Moskowitz, Renwick and Richter, JJ.