■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIKEQUANN PLUMMER, Appellant. [944 NYS2d 134]—

Judgment, Supreme Court, New York County (Analisa Torres, J.), rendered August 30, 2010, convicting defendant, after a jury trial, of robbery in the first degree and three counts of robbery in the second degree, and sentencing him to concurrent terms of seven years, unanimously affirmed.

The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning identification and credibility. Defendant was properly convicted of robbery in the first degree under a theory of use of a dangerous instrument (Penal Law § 160.15 [3]). Defendant struck the victim on the back of his head with an imitation pistol, causing a painful, bloody laceration. The evidence warranted an inference that this weapon, as used, was capable of inflicting serious physical injury, such as a brain injury (see Penal Law § 10.00 [13]; People v Carter, 53 NY2d 113 [1981]).

Defendant's argument that the court should have granted an adverse inference charge rests on the assumption that the police lost evidence that had been in their control. However, although a jacket matching part of the victim's description of his assailant was taken from defendant after his arrest, there was conflicting information presented to the trial court regarding whether the police gave this jacket to defendant's mother. In any event, even assuming that defendant was entitled to an adverse inference charge, the absence of such a charge was harmless. Concur—Saxe, J.P., Sweeny, Acosta, Freedman and Román, JJ.