■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE JOHNSON, Appellant. [16 NYS3d 553]—

Judgment, Supreme Court, New York County (Thomas Farber, J.), rendered September 3, 2013, convicting defendant, after a jury trial, of assault in the second degree, attempted assault in the first degree and two counts of attempted assault in the second degree, and sentencing him to an aggregate term of 7 years, unanimously modified, on the law, to the extent of vacating the conviction of attempted second-degree assault under the first count of the indictment and dismissing that count, and otherwise affirmed.

The court properly declined to give an adverse inference charge as to part of the surveillance video footage taken more than five minutes before the beginning of the subject incident, which occurred in a hotel. A police detective testified that the hotel staff cued the videotape to the beginning of the incident for him, but he rewound the tape to about 10 or more minutes earlier, started watching from that point, and found no footage of the two victims or defendant until about 5 minutes before the incident began. Consequently, the police obtained a copy of the video beginning at that point, and a defense investigator who subsequently sought an earlier portion of the video was informed by hotel personnel that it no longer existed. The po-

lice had no affirmative duty to seek potentially exculpatory evidence earlier in the video (*see People v Hayes*, 17 NY3d 46, 51 [2011], *cert denied* 565 US —, 132 S Ct 844 [2011]), and the evidence was not destroyed by anyone in law enforcement. Moreover, any error was harmless in light of the overwhelming evidence of guilt (*see People v Crimmins*, 36 NY2d 230 [1975]), particularly since the portion of the video at issue would not have supported a justification defense even if it had been consistent with defendant's account (*see* Penal Law § 35.15 [2] [a]). It should also be noted that the court gave advance permission for the defense to cross-examine the detective on this matter, and to argue in summation that the police should have preserved the video.

Defendant's contention that the court should have given an adverse inference charge as to other evidence is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we find it unavailing (*see People v Plummer*, 95 AD3d 647 [1st Dept 2012], *lv denied* 19 NY3d 976 [2012]).

Defendant was not deprived of a fair trial by the prosecutor's argument in summation that the two victims had been candid in admitting to their drug histories and criminal records. This argument was properly responsive to the defense summation, which attacked the victims' credibility based on their past (*see People v Overlee*, 236 AD2d 133 [1st Dept 1997], *lv denied* 91 NY2d 976 [1998]). Contrary to defendant's argument, the prosecutor's comments did not run afoul of the trial court's *Sandoval* ruling, which permitted the People to elicit the number and dates of defendant's felony and misdemeanor convictions, but precluded the People from asking defendant about the specific offenses or underlying facts. The prosecutor's summation did not refer to defendant's criminal history, even implicitly. Defendant's remaining challenges to the prosecutor's summation are unpreserved, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal (*see People v D'Alessandro*, 184 AD2d 114 [1st Dept 1992], *lv denied* 81 NY2d 884 [1993]). Moreover, any error regarding the prosecutor's summation was harmless in light of the overwhelming evidence of defendant's guilt (*see Crimmins*; *see also D'Alessandro*, 184 AD2d at 120).

To the extent the record permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]).

As the People concede, one of the attempted second-degree

assault counts must be dismissed as an inclusory concurrent count of the attempted first-degree assault count. Concur— Mazzarelli, J.P., Sweeny, Renwick and Manzanet-Daniels, JJ.