# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**420**

**KA 13-02099**

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

THEODORE TYLER, DEFENDANT-APPELLANT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered August 27, 2013. The judgment convicted defendant, upon a jury verdict, of grand larceny in the fourth degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the amount of restitution ordered and as modified the judgment is affirmed, and the matter is remitted to Onondaga County Court for a hearing to determine the amount of restitution.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of grand larceny in the fourth degree (Penal Law § 155.30 [1]) in connection with the theft of jewelry on October 2 and October 4, 2012 from the home of the 74-year-old victim, who had hired defendant to perform work around the house. We reject defendant's contention that he was excluded from a material stage of the trial when defense counsel exercised peremptory challenges to the jury during a sidebar conference with County Court and the prosecutor. The record establishes that defendant was present at every sidebar conference when a prospective juror was questioned (*cf. People v Davidson*, 89 NY2d 881, 882; *People v Antommarchi*, 80 NY2d 247, 250), and "there is nothing in the record to suggest that defendant lacked suitable opportunities to consult with his attorney" about which prospective jurors to strike peremptorily (*People v Quintana*, 80 AD3d 499, 499, *lv denied* 17 NY3d 799; *see People v Green*, 54 AD3d 603, 604, *lv denied* 11 NY3d 899). Indeed, defendant does not contend that he was not given an opportunity to consult with his attorney regarding the use of peremptory challenges or that he disagreed with defense counsel's use of such challenges. We note that, although defendant "was not present when the challenges were discussed, he was present during the entire voir dire and was present

when the challenges were given effect, because the challenged jurors were excused and others were sworn in open court" (*People v Evans*, 207 AD2d 500, 500, *lv denied* 84 NY2d 1031; *see People v Velasco*, 77 NY2d 469, 473).

Defendant failed to preserve for our review his contention that his conviction on the second count of the indictment is not supported by legally sufficient evidence, and he preserved his sufficiency contention with respect to the first count only insofar as it relates to the identity of the person who stole the jewelry to which that count pertains, not the value of that jewelry (*see People v Gray*, 86 NY2d 10, 19; *People v Loomis*, 56 AD3d 1046, 1046). In any event, contrary to defendant's contention, the direct and circumstantial evidence adduced at trial, viewed in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), provided a "valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial" (*People v Bleakley*, 69 NY2d 490, 495). The victim testified that defendant was the only person who had access to the place where the jewelry was kept before it disappeared, defendant admitted in a letter to a judge that he had committed an "act of larceny," defendant's identification was used in a pawn shop transaction involving the jewelry stolen on October 4, 2012, and defendant, allegedly acting suspiciously, was seen near that pawn shop with another man on October 2, 2012, the date the jewelry stolen that day was sold to the pawn shop. We conclude that the above evidence is sufficient to prove the identity of defendant as the person who stole the jewelry (*see generally People v Daniels*, 125 AD3d 1432, 1433, *lv denied* 25 NY3d 1071, *reconsideration denied* 26 NY3d 928). Contrary to defendant's further contention, the testimony of the pawn shop owner concerning the value of the stolen jewelry was sufficient to establish that the value of the jewelry stolen on both October 2 and October 4, 2012 exceeded the statutory threshold (*see People v Helms*, 119 AD3d 1153, 1155, *lv denied* 24 NY3d 1044; *see also* Penal Law § 155.20 [1]). Viewing the evidence in light of the elements of the crime of grand larceny in the fourth degree as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we further conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

We agree with defendant, however, that the court erred in imposing restitution as part of the sentence. Although the court had jurisdiction to impose restitution despite its failure to order restitution at the time of sentencing (*see People v Swiatowy*, 280 AD2d 71, 72-73, *lv denied* 96 NY2d 868), a hearing was required because defendant contested the amount of restitution at sentencing and, although the request was inartfully articulated, defendant also requested a hearing (*see People v Ippolito*, 89 AD3d 1369, 1370, *affd* 20 NY3d 615; *People v Consalvo*, 89 NY2d 140, 144; *see also* Penal Law § 60.27 [2]). We therefore modify the judgment by vacating the amount of restitution ordered, and we remit the matter to County Court to determine the amount of restitution, after which the uniform sentence and commitment sheet must be amended to reflect the proper amount of restitution (*see People v Deschaine*, 116 AD3d 1303, 1304, *lv denied* 23

NY3d 1019).

        We have reviewed defendant's remaining contentions and conclude that none requires reversal or further modification of the judgment.

Entered:  June 10, 2016                    Frances E. Cafarell
                                           Clerk of the Court