The People of the State of New York, Respondent, - 
against
Travis Coker, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Erika M. Edwards, J.), rendered November 5, 2014, after a nonjury trial, convicting him of attempted possession of a weapon in the fourth degree, and imposing sentence. Per Curiam.




Judgment of conviction (Erika M. Edwards, J.), rendered November 5, 2014, affirmed.
Defendant's legal sufficiency claim is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we find that the verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348—349 [2007]). There is no basis for disturbing the court's credibility determinations. The evidence presented at trial by the People, which included the arresting officer's testimony as well as the object itself, was sufficient to support the factfinder's conclusion that said object, which was found on defendant's person, attached to his belt buckle, constituted metal knuckles, a per se weapon (see Penal Law § 265.01[1]), and not a novelty item that was "not capable of being worn and used as [a] weapon[]" (People v Aragon, 28 NY3d 125, 129 [2016]). Neither proof of criminal intent nor knowledge of the illegality of the weapon is necessary for the People to establish guilt (see People v Parrilla, 27 NY3d 400, 404 [2016]). 
The court properly declined to give an adverse inference charge as to the belt to which the metal knuckles had been attached, since there is no indication in the record that the belt was seized by the police (see People v Rivera, 126 AD3d 818, 819 [2015], lv denied 26 NY3d 1149 [2016]; People v Dockery, 107 AD3d 913, 914 [2013], lv denied 22 NY3d 955 [2013]; People v Plummer, 95 AD3d 647 [2012], lv denied 19 NY3d 976 [2012]). In any event, even assuming that defendant was entitled to an adverse inference charge, the absence of such a charge was harmless in light of the overwhelming evidence of guilt (see People v Crimmins, 36 NY2d 230 [1975]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: November 29, 2018