People v Dickerson (2019 NY Slip Op 00457)





People v Dickerson


2019 NY Slip Op 00457


Decided on January 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2013-08525
2013-08526

[*1]The People of the State of New York, respondent,
v
Kyle Dickerson, appellant. (Ind. Nos. 8957/10, 3589/12)


Janet E. Sabel, New York, NY (Andrea Yacka-Bible of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Anthea H. Bruffee, and Andrew N.T. Churchill of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from (1) a judgment of the Supreme Court, Kings County (Bruce M. Balter, J.), rendered August 9, 2013, convicting him of grand larceny in the third degree, upon a jury verdict, and imposing sentence, and (2) an amended judgment of the same court, also rendered August 9, 2013, revoking a sentence of probation previously imposed by the same court (Miriam Cyrulnik, J.), upon a finding that he violated a condition thereof, after a hearing, and imposing a sentence of imprisonment upon his previous conviction of robbery in the third degree. Assigned counsel has submitted a supplemental brief in accordance with Anders v California (386 US 738), in which she moves for leave to withdraw as counsel for the appellant on the appeal from the amended judgment.
ORDERED that the judgment and the amended judgment are affirmed.
At trial, the People presented the testimony of the manager of an electronics store, who testified that the defendant came into the store on April 20, 2012, and stole four iPads and two iPhones. The manager, who had been managing the store since 2009, testified that the stolen iPads were new 16-gigabyte iPad 3s, which the store purchased for $600 each from wholesalers and planned to sell for $650 each. He testified that the stolen iPhones were new iPhone 4s, which the store purchased from wholesalers for $700 each and planned to sell for $750 each.
The jury convicted the defendant of grand larceny in the third degree. On August 9, 2013, the Supreme Court imposed sentence on that conviction and, upon finding that the conviction constituted a violation of probation, revoked a sentence of probation imposed on a previous conviction of robbery in the third degree and imposed a sentence of imprisonment on the previous conviction. The defendant appeals.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish that the value of the property stolen by the defendant exceeded $3,000 and, therefore, that it was legally sufficient to establish the defendant's guilt of grand larceny in the third degree beyond reasonable doubt (see Penal Law §§ 155.20[1]; 155.35[1]; People v Tyler, 140 AD3d 1617, 1619; People v Helms, 119 [*2]AD3d 1153, 1155; cf. People v Sutherland, 102 AD3d 897, 898). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
With respect to the appeal from the amended judgment rendered upon the violation of probation finding, we are satisfied with the sufficiency of the supplemental brief filed by the defendant's assigned counsel pursuant to Anders v California (386 US 738), and, upon an independent review of the record, we conclude that there are no nonfrivolous issues which could be raised on the appeal from the amended judgment. Counsel's application for leave to withdraw as counsel on the appeal from the amended judgment is, therefore, granted (see id.; Matter of Giovanni S. [Jasmin A.], 89 AD3d 252; People v Paige, 54 AD2d 631; cf. People v Gonzalez, 47 NY2d 606; People v Sedita, 113 AD3d 638).
DILLON, J.P., BARROS, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court