People v Oliver (2020 NY Slip Op 04867)





People v Oliver


2020 NY Slip Op 04867


Decided on September 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2018-09706
 (Ind. No. 1796/17)

[*1]The People of the State of New York, respondent,
v
Henry Oliver, appellant.


Michael A. Ciaffa, Uniondale, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Kevin C. King and Michael J. Balch of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Howard E. Sturim, J.), rendered July 2, 2018, convicting him of criminal possession of stolen property in the third degree, grand larceny in the fourth degree, and petit larceny, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted of criminal possession of stolen property in the third degree, grand larceny in the fourth degree, and petit larceny, after a jury trial, based upon evidence that on May 8, 2017, he stole merchandise from a JCPenney and a Modell's Sporting Goods.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of criminal possession of stolen property in the third degree and grand larceny in the fourth degree beyond a reasonable doubt. Contrary to the defendant's contention, the evidence was sufficient to establish that the value of the merchandise stolen from JCPenney exceeded $1,000 and that the aggregate value of the merchandise stolen from both stores exceeded $3,000 (see Penal Law §§ 155.20[1]; 155.30[1]; 165.50; People v Dickerson, 168 AD3d 971, 971-972; People v Tyler, 140 AD3d 1617, 1619). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt on those counts was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
CHAMBERS, J.P., ROMAN, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court