People v Romanowski (2021 NY Slip Op 04322)





People v Romanowski


2021 NY Slip Op 04322


Decided on July 9, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 9, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, CURRAN, AND DEJOSEPH, JJ.


1154 KA 17-01652

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MICHAEL ROMANOWSKI, DEFENDANT-APPELLANT. 






PETER J. DIGIORGIO, JR., UTICA, FOR DEFENDANT-APPELLANT.
SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered November 16, 2016. The judgment convicted defendant, upon his plea of guilty, of grand larceny in the third degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of two counts of grand larceny in the third degree (Penal Law § 155.35 [1]) under counts 9 and 10 of the indictment. Preliminarily, we agree with defendant that his waiver of the right to appeal is invalid (see People v Thomas, 34 NY3d 545, 564-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; People v Somers, 186 AD3d 1111, 1112 [4th Dept 2020], lv denied 36 NY3d 976 [2020]).
Relying on People v Lopez (71 NY2d 662, 666 [1988]), defendant contends that County Court erred in accepting his guilty plea to count 10 because, during the plea colloquy, the prosecutor purportedly negated a statutory element of the crime charged. Defendant's contention is unpreserved for appellate review (see CPL 470.05 [2]) and, in any event, it lacks merit for the following two independent reasons.
First, as the Court of Appeals repeatedly underscored in Lopez, only where the "defendant's factual recitation" negates, inter alia, a statutory element of the pleaded-to offense is the court barred from "accept[ing] the plea without making further inquiry" (71 NY2d at 666 [emphasis added]). Consequently, a guilty "plea will not be vacated where . . . the defendant does not negate an element of the pleaded-to offense during the colloquy" (People v Madden, 148 AD3d 1576, 1578 [4th Dept 2017], lv denied 29 NY3d 1034 [2017] [emphasis added]). Here, it is undisputed that defendant himself said nothing during the plea colloquy to negate a statutory element of the crime charged. Rather, the purported negation came only from the prosecutor. The Lopez rubric is thus categorically inapplicable (see People v Pastor, 28 NY3d 1089, 1090-1091 [2016]; People v Seeber, 4 NY3d 780, 781 [2005]).
Second, the prosecutor did not actually negate a statutory element of the crime to which defendant was pleading guilty under count 10, i.e., grand larceny in the third degree. Among the statutorily delineated elements of that crime is an intent to effect a permanent or quasi-permanent deprivation or appropriation of the victim's property at the time of its taking (see Penal Law §§ 155.00 [3], [4]; 155.05 [1]; People v Jennings, 69 NY2d 103, 118-119 [1986]; Wilson v People, 39 NY 459, 461 [1868]), and it is well established that a defendant's voluntary and prompt return of stolen property could potentially undermine that element (see Jennings, 69 NY2d at 116-119; People v Camelo, 48 AD3d 1303, 1304-1305 [4th Dept 2008]; People v O'Reilly, 125 AD2d 979, 979 [4th Dept 1986]). Here, however, the prosecutor never said that defendant returned the stolen property to the victim, much less that he did so under circumstances suggesting that he had not intended to effect a permanent or quasi-permanent [*2]deprivation or appropriation thereof. Rather, the prosecutor said only that the victim "did get the [stolen property] back," without identifying who returned the property or how that return was accomplished. Under the literal terms of the prosecutor's statement, the police could have returned the stolen property after seizing it from defendant, or defendant could have returned the stolen property in a post-arrest effort to secure leniency. Neither scenario would negate an intent to effect a permanent or quasi-permanent deprivation or appropriation of the victim's property at the time of its taking (see e.g. People v Brooks, 79 NY2d 1043, 1045 [1992], cert denied 506 US 899 [1992]). Thus, even had the prosecutor's statement been made by defendant, no "further inquiry" would have been necessary before the court accepted defendant's guilty plea to count 10 (Lopez, 71 NY2d at 666; see People v Ollman, 147 AD3d 1452, 1453 [4th Dept 2017], lv denied 29 NY3d 1000 [2017]; cf. People v Burroughs, 106 AD3d 1512, 1512 [4th Dept 2013]).
Defendant further argues that his lawyer was ineffective for failing to seek a change of venue and for failing to seek the trial judge's recusal. Defendant's argument, to the extent it survives his guilty plea (see People v Barnes, 32 AD3d 1250, 1251 [4th Dept 2006]), implicates matters outside the record and must therefore be raised, if at all, pursuant to CPL 440.10 (see People v Williams, 41 AD3d 1252, 1254 [4th Dept 2007]; People v Harry, 130 AD2d 591, 592 [2d Dept 1987]).
The sentence is not unduly harsh or severe. Defendant's related contention that his sentence constitutes cruel and unusual punishment is unpreserved and, in any event, is without merit (see People v Verbitsky, 90 AD3d 1516, 1516 [4th Dept 2011], lv denied 19 NY3d 868 [2012]).
Finally, the record of conviction incorrectly indicates that defendant was convicted of, and sentenced on, only one count of grand larceny in the third degree. The record of conviction must therefore be amended to reflect defendant's conviction of two counts of grand larceny in the third degree under counts 9 and 10 of the indictment as well as the corresponding consecutive sentences imposed thereon (see generally People v Raghnal, 185 AD3d 1411, 1414 [4th Dept 2020], lv denied 35 NY3d 1115 [2020]).
Entered: July 9, 2021
Mark W. Bennett
Clerk of the Court