People v Small (2022 NY Slip Op 06017)

People v Small

2022 NY Slip Op 06017

Decided on October 26, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2021-02340
 (Ind. No. 1614/19)

[*1]The People of the State of New York, respondent,
v
Kevin Small, appellant.

Richard M. Langone, Garden City, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Jason R. Richards and Kelly Gans of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Howard E. Sturim, J.), rendered March 17, 2021, convicting him of grand larceny in the fourth degree, petit larceny, criminal possession of burglar's tools, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted of crimes in connection with stealing clothing and goods from a Macy's department store in the Roosevelt Field Mall. The evidence at trial included surveillance video showing the theft, the testimony of a Macy's asset protection detective who witnessed the theft and recovered the stolen items from the defendant's bag, the defendant's written statement admitting the theft, and testimony from a Macy's assistant asset protection manager that the value of the stolen items exceeded $1,000.
The defendant's contention that there was legally insufficient evidence to support the conviction of grand larceny in the fourth degree is without merit. Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of grand larceny in the fourth degree beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490). Upon reviewing the record here, we are satisfied that the verdict of guilt with respect to that count was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant was not deprived of the effective assistance of counsel. Viewed in totality and as of the time of the representation, the record reveals that the defendant's attorney provided meaningful representation (see People v Benevento, 91 NY2d 708; People v Baldi, 54 NY2d 137).
DUFFY, J.P., CHRISTOPHER, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court