People v Siad (2023 NY Slip Op 01105)

People v Siad

2023 NY Slip Op 01105

Decided on March 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
LARA J. GENOVESI
HELEN VOUTSINAS, JJ.

2020-02440
 (Ind. No. 71/19)

[*1]The People of the State of New York, respondent,
v
Otman Siad, appellant.

Patricia Pazner, New York, NY (Anna Jouravleva of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Nancy Fitzpatrick Talcott, and Theresa Yuan of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (John F. Zoll, J.), rendered January 31, 2020, convicting him of grand larceny in the fourth degree, after a nonjury trial, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted, after a nonjury trial, of grand larceny in the fourth degree based upon evidence that he stole several bottles of perfume from a Macy's store.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Contrary to the defendant's contention, the evidence was legally sufficient to establish that the value of the stolen property exceeded $1,000 (see Penal Law §§ 155.20[1]; 155.30[1]; People v Small, 209 AD3d 1043, 1044; People v Oliver, 186 AD3d 1261, 1262; People v Dickerson, 168 AD3d 971, 971-972). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
BARROS, J.P., RIVERA, GENOVESI and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court