People v Cole (2023 NY Slip Op 01920)

People v Cole

2023 NY Slip Op 01920

Decided on April 13, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 13, 2023

110284
[*1]The People of the State of New York, Respondent,
v
Walter Cole, Appellant.

Calendar Date:February 22, 2023

Before:Garry, P.J., Egan Jr., Aarons, Reynolds Fitzgerald and Ceresia, JJ.

Adam W. Toraya, Albany, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

Ceresia, J.
Appeal from a judgment of the Supreme Court (Kathleen B. Hogan, J.), rendered February 22, 2018 in Schenectady County, (1) upon a verdict convicting defendant of the crimes of burglary in the first degree, burglary in the second degree, criminal possession of a weapon in the fourth degree, menacing in the second degree, criminal mischief in the fourth degree and resisting arrest, and (2) which revoked defendant's probation and imposed a sentence of imprisonment.
On July 1, 2017, in the City of Schenectady, defendant broke into the victim's apartment, struck her and then threatened her by waving a machete. Defendant eventually returned to his own home, and when police arrived, he resisted arrest by punching two officers in the head. Thereafter, defendant was charged by indictment with burglary in the first degree (see Penal Law § 140.30 [3]), attempted assault in the first degree (see Penal Law §§110.00; 120.10 [1]), burglary in the second degree (see Penal Law § 140.25 [1] [c]), criminal possession of a weapon in the fourth degree (see Penal Law § 265.01 [2]), menacing in the second degree (see Penal Law § 120.14 [1]), criminal mischief in the fourth degree (see Penal Law §145.00 [1]), and resisting arrest (see Penal Law §205.30). Following a jury trial, defendant was acquitted of the attempted assault charge, but was otherwise convicted as charged. Supreme Court sentenced defendant, as a second felony offender, to concurrent prison terms of 15 years with five years of postrelease supervision on the burglary convictions and to lesser concurrent terms of incarceration on the remaining convictions.[FN1] Defendant appeals.
First, defendant contends that Supreme Court erred in permitting evidence of prior bad acts at trial. In their Molineux application, the People sought to introduce evidence of three separate incidents that had occurred during the three-to-four-month period prior to the date of the charged crimes. During one previous incident, defendant raised his hand toward the victim in a threatening manner. In a second incident, defendant told the victim that he was going to kill her. In a third incident, defendant threatened the victim with a machete. Preliminarily, the only portion of the People's proffer to which defendant objected was the threat with the machete. Thus, to the extent that he now challenges the other portions of the proffer, those arguments are unpreserved (see People v Terry, 196 AD3d 840, 846 [3d Dept 2021], lv denied 37 NY3d 1030 [2021]). As for the threat with the machete, this was properly admitted to demonstrate defendant's intent — an element of multiple crimes with which defendant was charged — as well as to provide background information concerning the relationship between defendant and the victim, which is particularly relevant in cases, such as this one, involving domestic violence (see People v LaDuke, 204 AD3d 1083, 1088 [3d Dept 2022], lv denied 38 NY3d 1072 [2022]; People v Knox, 167 AD3d 1324, 1326 [2018], lv [*2]denied 33 NY3d 950 [2019]). Further, although the previous incident was relatively similar to some of the charged conduct, the jury was properly instructed that they could not consider it as evidence of propensity, thereby minimizing any potential prejudice (see People v Doane, 212 AD3d 875, 881 [3d Dept 2023]).
Defendant also claims that the People impermissibly exceeded the bounds of Supreme Court's Molineux ruling by eliciting additional bad act testimony from the victim on three occasions. With respect to the first such occasion, on direct examination, while in the process of questioning the victim consistent with the court's Molineux ruling, the prosecutor asked the victim to recount a specific time when defendant made her feel unsafe, and the victim replied that defendant had previously taken pictures of her without her knowledge. Defense counsel objected, and that objection was sustained. During an ensuing sidebar conference relative to this issue, the court pointed out that it had just given the jury a prior bad act cautionary instruction. Defense counsel thereafter responded, "I'm going to ask that we move along." The court then suggested that the prosecutor briefly lead the witness to avoid any other potential violations of the pretrial Molineux ruling, and the attorneys agreed to this course of action. Under these circumstances, we discern no error, especially given that nothing in the record indicates that the prosecutor deliberately intended to elicit the complained-of testimony (see People v Bonaparte, 196 AD3d 866, 869 [3d Dept 2021], lv denied 37 NY3d 1025 [2021]; People v Hamilton, 176 AD3d 1505, 1507 [3d Dept 2019], lv denied 34 NY3d 1128 [2020]). As for the other two instances of prior bad act testimony that purportedly fell outside of the court's Molineux ruling, we initially note that this testimony was not elicited by the People but, instead, was a result of questions asked by defense counsel on cross-examination (see People v Carter, 131 AD3d 717, 722 [3d Dept 2015], lv denied 26 NY3d 1007 [2015]). Moreover, the victim's answers were not altogether unresponsive to counsel's questionsand, in any event, on both occasions the court sustained defense objections, struck the testimony from the record and issued curative instructions which the jury is presumed to have followed (see People v Hajratalli, 200 AD3d 1332, 1338 [3d Dept 2021], lv denied 38 NY3d 1033 [2022]). Overall, the three incidents "were not so pervasive and flagrant" as to cause substantial prejudice to defendant, thereby depriving him of a fair trial (People v Bonaparte, 196 AD3d at 869; see People v Malloy, 124 AD3d 1150, 1152 [3d Dept 2015], lv denied 26 NY3d 969 [2015]).
Supreme Court did not err in permitting the People to introduce a recording of a 911 call made by a neighbor of the victim. This recording fell under the hearsay exception for a present sense impression, as the neighbor was describing events substantially contemporaneously with their unfolding[*3], and her descriptions were sufficiently corroborated by other evidence (see People v Ruffin, 191 AD3d 1174, 1181 [3d Dept 2021], lv denied 37 NY3d 960 [2021]; People v Wager, 173 AD3d 1352, 1358-1359 [3d Dept 2019], lv denied 34 NY3d 1020 [2019]). Furthermore, as the recording was nontestimonial in nature, its introduction did not violate defendant's right of confrontation (see People v Ruffin, 191 AD3d at 1180-1181).
Considering defendant's extensive criminal history — albeit some of it remote — the fact that he was on probation at the time of these crimes and the serious and violent nature of the underlying conduct, the sentence imposed by Supreme Court was not unduly harsh or severe (see People v Delbrey, 179 AD3d 1292, 1299 [3d Dept 2020], lv denied 35 NY3d 969 [2020]; People v Zi He Wu, 161 AD3d 1396, 1398 [3d Dept 2018], lv denied 32 NY3d 943 [2018]). However, as the uniform sentence and commitment form incorrectly states that defendant was convicted of the class E felony of criminal mischief in the third degree, rather than the class A misdemeanor of criminal mischief in the fourth degree, we remit for Supreme Court to correct that notation (see People v Duggins, 192 AD3d 191, 196 [2021], lv denied 36 NY3d 1096 [2021]).
Garry, P.J., Egan Jr., Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed, and matter remitted for entry of an amended uniform sentence and commitment form.

Footnotes

Footnote 1: It is noted that, at the time of the charged crimes, defendant was serving a term of probation in connection with a previous felony conviction. At sentencing, defendant admitted to violating his probation, prompting Supreme Court to resentence him to a term of imprisonment to be served consecutively to the sentences imposed in this case.