People v Moody (2024 NY Slip Op 50034(U))

[*1]

People v Moody (Reggie)

2024 NY Slip Op 50034(U)

Decided on January 16, 2024

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 16, 2024
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, Tisch, JJ.

570196/21

The People of the State of New York, Respondent,
against
Reggie Moody, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Robert Rosenthal, J.), rendered March 13, 2020, convicting him, upon his plea of guilty, of disorderly conduct, and imposing sentence.

Per Curiam.
Judgment of conviction (Robert Rosenthal, J.), rendered March 13, 2020, affirmed.
The information charging attempted tampering with physical evidence (see Penal Law §§ 110, 215.40[2]) was not jurisdictionally defective. Nonhearsay allegations established every element of the offense and defendant's commission thereof (see CPL 100.40[1][c]; People v Middleton, 35 NY3d 952, 954 [2020]). The arresting officer alleged that he observed defendant holding a package containing what the officer believed to be crack cocaine in his right hand; that when he approached defendant and identified himself as a police officer, defendant placed his right hand into his pants pocket; that when the officer attempted to take defendant's hand out of his pocket to place him under arrest, defendant put his right hand up to his mouth; and that as a result of defendant's conduct, the officer was unable to recover the package from defendant. Contrary to defendant's present contention, these allegations "support[] the inference that when [defendant] put an unknown object into his mouth, he was aware that he was about to be arrested, and supports the additional inference that the object was contraband or evidence that defendant intended to prevent the police from discovering" (People v Green, 54 AD3d 603, 603-604 [2008], lv denied 11 NY3d 897 [2008]), even though the police were unable to recover the item (see People v Wilkins, 111 AD3d 451 [2013], lv denied 21 NY3d 1044 [2014]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: January 16, 2024