People v Luna (2025 NY Slip Op 50828(U))

[*1]

People v Luna (Mauricio)

2025 NY Slip Op 50828(U)

Decided on May 9, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 9, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., CHEREÉ A. BUGGS, MARINA CORA MUNDY, JJ

2023-484 K CR

The People of the State of New York, Respondent,
against
Mauricio Luna, Appellant. 

Mischel & Horn, P.C. (Richard E. Mischel of counsel), for appellant.
Kings County District Attorney (Leonard Joblove, Solomon Neubort and Sawyer White of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County (Adam D. Perlmutter, J.), rendered March 3, 2023. The judgment convicted defendant, upon a jury verdict, of assault in the third degree (count 1), attempted assault in the third degree (count 3), menacing in the third degree (count 4), two counts of harassment in the second degree (counts 5 and 14), three counts of petit larceny (counts 6, 12 and 15), and three counts of criminal possession of stolen property in the fifth degree (counts 7, 13 and 16), and imposed sentence.

ORDERED that the judgment of conviction is modified, on the law and facts, by vacating the convictions of counts 3, 12, 13, and 14, and the sentence imposed thereon, by dismissing those counts of the accusatory instrument, and by vacating the sentence imposed on the convictions of counts 1, 4, 5, 6, 7, 15 and 16; as so modified, the judgment of conviction is affirmed and the matter is remitted to the Criminal Court for resentencing on counts 1, 4, 5, 6, 7, 15 and 16.
In a single accusatory instrument, defendant was charged with two counts of assault in the third degree (Penal Law § 120.00 [1]), two counts of menacing in the second degree (Penal Law § 120.14 [1]), three counts of attempted assault in the third degree (Penal Law §§ 110.00, 120.00 [1]), two counts of menacing in the third degree (Penal Law § 120.15), two counts of harassment in the second degree (Penal Law § 240.26 [1]), three counts of petit larceny (Penal Law § 155.25), and three counts of criminal possession of stolen property in the fifth degree (Penal Law [*2]§ 165.40), based on five separate incidents that allegedly took place between defendant and his wife at their shared residence between September 27, 2021 and October 3, 2021. Following a jury trial (Adam D. Perlmutter, J.), defendant was convicted of assault in the third degree (count 1), attempted assault in the third degree (count 3), menacing in the third degree (count 4), two counts of harassment in the second degree (counts 5 and 14), three counts of petit larceny (counts 6, 12 and 15), and three counts of criminal possession of stolen property in the fifth degree (counts 7, 13 and 16), and sentence was imposed. On appeal, defendant alleges, among other things, that the convictions were against the weight of the evidence. 
As a preliminary matter, the mixed jury verdict convicting defendant of eleven counts, and acquitting him on five counts,[FN1]
is not a basis to vacate any of defendant's convictions, since "defendant's acquittal on [five] counts did not necessarily negate an essential element of the remaining count[s]" (People v Goodfriend, 64 NY2d 695, 697 [1984]; see People v Dantzler, 209 AD2d 429, 430 [1994]; People v Dercole, 72 AD2d 318 [1980]). Additionally, it is noted that the majority of the counts of which defendant was acquitted involved an incident that occurred on a different date, and it was within the province of the jury to "accept or reject portions of the testimony presented to it" (People v Petrizzo, 184 AD3d 673, 673 [2020] [internal quotation marks omitted]; see People v Huger, 136 AD3d 943, 943-944 [2016]).

Defendant's convictions of counts 1, 3, 4 and 5, were in connection with an incident with defendant's wife while she was trying to take a shower on September 27, 2021. "A person is guilty of assault in the third degree when . . . [w]ith intent to cause physical injury to another person, he causes such injury to such person or to a third person" (Penal Law § 120.00 [1]). Physical injury is defined as "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]). 

Defendant's wife testified that, while she was taking a shower, defendant entered the locked bathroom, started yelling at her, and pushed the shower curtain causing the shower curtain and the shower curtain rod to fall. Defendant hit and punched her, and struck her with the shower curtain rod. Defendant's wife further testified that she sustained bruises and was in substantial pain from this incident. She assessed her pain level as an 8 or 9 on a scale from 1 to 10, but she did not seek medical treatment. Defendant's wife eventually reported this incident to the police on October 3, 2021, and a photograph of a bruise above her ankle, taken in connection with the police investigation, was admitted into evidence at trial. Upon the exercise of our factual review power (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348-349 [2007]), while according great deference to the jury's opportunity to view the witness, hear her testimony, observe her demeanor, and assess her credibility (see People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]), we find that defendant's conviction of assault in the third degree (count 1) was not against the weight of the evidence, as the evidence presented at trial indicated that defendant's wife was in substantial pain from the incident (see PenalLaw § 10:00 [9]; People v Guidice, 83 NY2d 630, 636 [1994]; People v Bryant, 200 AD3d 1483, 1484-1486 [2021]; People v Rudge, 185 AD3d 1214, 1216-1217 [2020]; People v Monserrate, 90 [*3]AD3d 785, 788 [2011]). However, defendant's conviction of attempted assault in the third degree (count 3) must be dismissed as an inclusory concurrent count of assault in the third degree (see CPL300.40 [3] [b]; People v Johnson, 131 AD3d 893, 894-895 [2015]; People v Carrasco, 65 Misc 3d 5, 10 [App Term, 2d Dept, 9th & 10th Jud Dists 2019]).

Defendant's convictions of menacing in the third degree (count 4) and harassment in the second degree (count 5), are also not contrary to the weight of the evidence. "A person is guilty of menacing in the third degree when, by physical menace, he or she intentionally places or attempts to place another person in fear of death, imminent serious physical injury or physical injury" (Penal Law § 120.15). "A person is guilty of harassment in the second degree when, with intent to harass, annoy or alarm another person . . . [,] [h]e or she strikes, shoves, kicks or otherwise subjects such other person to physical contact, or attempts or threatens to do the same" (Penal Law § 240.26 [1]). Based on the testimony and evidence presented, we are of the opinion that "the jury was justified in finding . . . defendant guilty [of the foregoing offenses] beyond a reasonable doubt" (Danielson, 9 NY3d at 348; see Matter of Denzel F., 44 AD3d 389, 390 [2007]; Matter of Orenzo H., 33 AD3d 492, 492 [2006]; People v Laurent, 63 Misc 3d 133[A], 2019 NY Slip Op 50391[U], *1 [App Term, 1st Dept 2019]; People v Donnegan, 27 Misc 3d 143[A], 2010 NY Slip Op 51069[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2010]).

Defendant was charged with petit larceny (count 6) and criminal possession of stolen property in the fifth degree (count 7) in connection with an incident that occurred on September 28, 2021. "A person is guilty of petit larceny when he steals property" (Penal Law § 155.25), and "[a] person is guilty of criminal possession of stolen property in the fifth degree when he knowingly possesses stolen property, with intent to benefit himself or a person other than an owner thereof or to impede recovery by an owner thereof" (Penal Law § 165.40). Further, "[i]n any prosecution for criminal possession of stolen property, it is no defense that . . . [t]he defendant stole or participated in the larceny of the property" (Penal Law § 165.60 [2]; see People v Grant, 113 AD2d 311, 318 [1985]). According deference to the jury's credibility findings, we are satisfied that the verdict convicting defendant of petit larceny and criminal possession of stolen property in the fifth degree (counts 6 and 7) was not contrary to the weight of the evidence, as defendant's wife testified that defendant took her cell phone, removed it from the residence, and did not return it for days (see Penal Law §§ 155.25, 155.00 [3]; 165.40; People v Wicks, 73 AD3d 1233, 1234-1235 [2010]; Matter of Jesse L., 37 AD3d 998, 999 [2007]; People v Alzate, 203 AD2d 297, 297 [1994]; People v Shurn, 69 AD2d 64, 65 [1979]; cf. People v Camelo, 48 AD3d 1303, 1304-1305 [2008]).

However, defendant's convictions of petit larceny (count 12), criminal possession of stolen property in the fifth degree (count 13), and harassment in the second degree (count 14), based on an incident that occurred on September 30, 2023 in which defendant allegedly stole a second cell phone from his wife, were against the weight of the evidence, as defendant's wife admitted that she recovered the cell phone by grabbing it from defendant's hand shortly after he took it. Under the totality of the circumstances presented, we find that there was insufficient evidence for a jury to conclude that defendant was guilty of petit larceny or possessing stolen property (see Penal Law §§ 155.25, 165.40) beyond a reasonable doubt (see e.g. Camelo, 48 AD3d at 1304-1305; cf. People v Small, 209 AD3d 1043, 1044 [2022]; People v Parker, 195 AD3d 493, 493 [2021]). Further, the harassment in the second degree conviction should also be [*4]vacated, since it was charged in connection with the alleged theft of the second cell phone, and there was no other evidence presented to support this charge.

Defendant was also convicted of petit larceny (count 15) and criminal possession of stolen property in the fifth degree (count 16) based upon testimony that defendant stole his wife's passport. Defendant's wife testified that defendant returned certain items to her a few minutes after she discovered they were missing, but that she never recovered her passport. In light of that testimony, the jury's conclusion that defendant committed petit larceny and criminal possession of stolen property as to this incident was not contrary to the weight of the evidence (see People v Pallagi, 91 AD3d 1266, 1269-1270 [2012]; Alzate, 203 AD2d at 297). 

Defendant's contention that he was denied a fair trial because his wife's testimony intimated that defendant had assaulted her previously, and referred to an unnamed "worker" from the NYC Administration for Children's Services, is without merit(see People v Miller, 229 AD3d 724, 725 [2024]; People v Cole, 215 AD3d 1064, 1066-1067 [2023]; People v Grady, 211 AD3d 1037, 1038 [2022]; People v Bonaparte, 196 AD3d 866, 868-869 [2021]; People v Mata, 174 AD3d 647, 648 [2019]; People v Johnson, 139 AD3d 967, 974-975 [2016]). Further, defendant's assertion that a detective's testimony indicating that defendant was arrested following her investigation improperly bolstered defendant's wife's credibility is unpreserved for appellate review (see e.g. People v Branch, 224 AD3d 919, 920 [2024]; People v Shah, 58 Misc 3d 95, 98 [App Term, 2d Dept, 9th & 10th Jud Dists 2018]) and, in any event, without merit (see People v Smith, 149 AD2d 918, 918 [1989]; Carrasco, 65 Misc 3d at 9; People v Morris, 14 Misc 3d 144[A], 2007 NY Slip Op 50387[U], *1 [App Term, 2d Dept, 2d & 11th Jud Dists 2007]). 

Lastly, as the People correctly concede, the Criminal Court failed to pronounce sentence on each count upon which defendant was convicted, in violation of its obligation under CPL 380.20 (see People v Sturgis, 69 NY2d 816 [1987]; People v Bailey, 132 AD3d 690 [2015]; People v Payne, 54 Misc 3d 138[A], 2017 NY Slip Op 50140[U], *3 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]), and thus the sentence imposed upon the remaining convictions must be vacated and the matter remitted for proper sentencing thereon (see People v Stevens, 39 Misc 3d 131[A], 2013 NY Slip Op 50469[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]; People v Fevoy, 35 Misc 3d 143[A], 2012 NY Slip Op 50945[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]).

Accordingly, the judgment of conviction is modified by vacating the convictions of counts 3, 12, 13 and 14 and the sentence imposed thereon, by dismissing those counts of the accusatory instrument, and by vacating the sentence imposed on counts 1, 4, 5, 6, 7, 15 and 16. The matter is remitted to the Criminal Court for resentencing on counts 1, 4, 5, 6, 7, 15 and 16.

TOUSSAINT, P.J., BUGGS and MUNDY, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 9, 2025

Footnotes

Footnote 1: One count of attempted assault in the third degree (original count 14) was dismissed prior to verdict, and the remaining counts were renumbered.